## IRVIN et al. v. KOEHLER.

### (Circuit Court of Appeals, Second Circuit. February 15, 1916.)

### No. 155.

1. CORPORATIONS ⬬117—SALE OF STOCK—FRAUD—RIGHT OF ACTION—DELAY.

Where plaintiff bought preferred stock on misrepresentation that the dividend to accrue the following month had already been declared, but that dividend was paid him by the seller, so that he did not learn that the misrepresentation was false, and the corporation passed the next semiannual dividend, but declared one a year after the purchase, plaintiff's failure to institute an action to rescind for the fraud until 16 months after the last dividend was paid was not, as a matter of law, failure to act with reasonable promptness.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 506; Dec. Dig. ⬬117.]

2. CORPORATIONS ⬬117—SALE OF STOCK—FRAUD—RESCISSION—DELAY—"PROMPTLY."

One who has made an investment in stock cannot, after he knows he was deceived, or has matters brought to his knowledge that would put a reasonable man on inquiry which would disclose that he had been deceived, wait and see whether the investment turns out unfavorably, but, if he desires to recover the price paid on rescission, he must act promptly; "promptly" having no precise definition as a particular period of time, but depending largely on the facts in each case.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 506; Dec. Dig. ⬬117.

For other definitions, see Words and Phrases, First and Second Series, Promptly.]

3. TRIAL ⬬412—ADMISSION OF EVIDENCE—WAIVER OF OBJECTIONS.

In an action for misrepresentation in the sale of corporate stock, where the complaint alleged that defendants fraudulently told plaintiff they knew the stock to be a good purchase, and plaintiff offered in evidence a prospectus showing the estimates of the earnings of the company, given him by defendants with the statement that the earnings had been even better than the estimates, without proving that the statements were false, and defendants, instead of moving to strike the prospectus, offered evidence that the statements were true, and one of them was cross-examined to show that they were not true, the prospectus was properly in the record.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 182, 974–977; Dec. Dig. ⬬412.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Henry Koehler against Richard Irvin and another. Judgment for plaintiff, and defendants bring error. Affirmed.

⬬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lord, Day & Lord, of New York City (Henry De Forest Baldwin and Allen Evarts Foster, both of New York City, of counsel), for plaintiffs in error.

Robert C. Birkhahn, of New York City (Henry S. Dottenheim, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The action was brought to recover the sum paid by plaintiff to defendants for shares of stock of the Harper Transportation Company, it being averred that the purchase was made because of representations made by defendants as to its value, which representations were false and known by defendants to be false when they made them. The stock was cumulative preferred seven per cent. stock. The purchases were made in two separate lots on December 14, and December 29, 1911.

The only representation, other than such as were mere expressions of opinion, which is here relied on is the statement alleged to have been made, on or about December 14, 1911, by one of the defendants and by his agent in his presence that the semiannual dividend which according to the terms of the stock certificate was to be expected on January 1, 1912, "had been declared." It is not necessary to enter into any discussion of the evidence bearing upon this issue, because it is conflicting, the plaintiff testifying that the statement was made and defendant that it was not made. By their verdict the jury has settled that question adversely to defendants. There is no dispute upon the testimony that such dividend had not been declared at the time the representation was made, nor that the first and only dividend was not declared until January 10, 1913.

[1] This suit was instituted in May, 1914, and the proposition principally contended for on this appeal is that plaintiff is estopped from recovery because of his delay in asserting that he had been defrauded.

At the time plaintiff bought the stock defendant paid him the amount of the dividend which was expected January 1, 1912, apparently on the theory that the dividend check would go to the holder of the stock prior to transfer. Therefore nonpayment of that dividend by the company would not come to the knowledge of plaintiff.

In July, 1912, no dividend was declared, and plaintiff became suspicious; he was ignorant of business affairs and of the methods of stock corporations. In January, 1913, dividend was declared and paid. In July, 1913, it was not declared.

Whatever suspicions as to the falsity of the statements touching the declaration of the January dividend of 1912, may have been aroused by the failure to pay dividend in July, 1912, may not unreasonably have been dissipated by the payment of dividend in January, 1913. The case is not sufficiently clear to warrant holding as matter of law that plaintiff was estopped because of failure to act with reasonable promptness.

[2] There was conflicting testimony as to when it was that plaintiff ascertained that he had been deceived by a false representation as to the dividend of January 1, 1913. The court submitted that branch

of the case to the jury with instructions which correctly set forth the law and adequately advised them what was the point to be decided. We quote from the charge:

"There is a principle with relation to rescinding a contract which it is proper to state to you. A man cannot lie by, generally speaking, after he has made an investment and wait until it turns out unfavorably, still going ahead, having known of any falsity connected with the investment whereupon he invested, and not proceed. In plain English, if he finds out that he has been defrauded, and he wants to recover damages and rescind, he must act promptly.

"*Promptly* does not have any exact definition that can be regulated with respect to a period of time. It depends, of course, in its definition largely on the circumstances surrounding the facts which are adduced in each case, but the principle which is applied is that a man must act promptly after he knows that a fraud or misrepresentation—and misrepresentation and deceit are the very same thing—has been perpetrated upon him. The mere suspicion that it has been, of course, is not enough for him to act upon, but if things are brought to his knowledge, which in the exercise of ordinary prudence should put him on inquiry, he ought to make an inquiry and when he is satisfied that he has been deceived he ought to act without delay. Now in this case, when did Mr. Koehler, assuming that there was misrepresentation, if you find that that phase of the case is reached by you, first know of any such misrepresentation. If he knew at the time that the defendant argues he did, he had knowledge back, I think in 1913, and I think he did not commence his action until 1914 about May—but whether he knew in 1913 or whether or not there were facts which ought to have put him upon his inquiry, is a matter, gentlemen, for you to work out after a fair consideration of what these witnesses have said."

Defendants did not except to this part of the charge nor did they ask specifically to have the case disposed of on the defense of estoppel. Their motion at the close of the case was to direct verdict for defendant "on the ground that plaintiff has failed to produce facts sufficient to constitute a cause of action."

[3] It is assigned as error that:

"The trial court admitted in evidence the prospectus of the Harper Transportation Company and permitted the plaintiff to attempt to prove that the satements therein contained were untrue."

One feature of the charge in the complaint was that the defendants fraudulently told the plaintiff that they knew the stock to be a good purchase. Plaintiff offered in evidence a prospectus of the company showing the estimated earnings which the defendant from whom he bought the stock gave him with the further assurance by that defendant that the actual earnings had been better than the estimated. The plaintiff might have proved that they were not and that the defendants knew they were not, but he did not do so. Under these circumstances it would have been proper for the defendant to move to strike the testimony out and the motion should have been granted. But before they made the motion they asked the defendant Irvin whether the statements in the prospectus were true and he said they were. This justified the plaintiff on cross-examination in showing that they were not, which leaves the prospectus properly in the case.

The judgment is affirmed.