Van Voorhis, J.
Petitioners, John Foy and Sidney Goldman, are welders. They are employed in the New York City Transit System in the position of car maintainer, group D. Foy has held his position continuously (under different titles) since June 3,1936 and Goldman since March 29,1951. The issue is whether they are to be paid at the prevailing rate of wage under section 220 of the Labor Law. Foy was one of the petitioners in the proceeding which was decided by this court in 1952, sub nom. Matter of Corrigan v. Joseph (304 N. Y. 172). Goldman was *608 employed later, consequently he wag not a party. Foy, being a party, is bound by the final order in the Corrigan case; Goldman, although not a party, is affected by the precedent under the rule of stare decisis.
The first step is to examine the Corrigan case in order to ascertain whether it is determinative of the issue which is here presented. Foy and others instituted an article 78 proceeding against the City Comptroller, the City Treasurer, the Budget Director and the Board of Transportation to compel payment to them at the prevailing rate of wage under the ruling in Matter of Gaston v. Taylor (274 N. Y. 359), beginning in 1938. That demand was met by the contention on the part of the city that these were graded employees under the Civil Service Law, and as such were not comprehended within section 220 of the Labor Law (Wood v. City of New York, 274 N. Y. 155). This court held in the Corrigan case that from the time when these employees were effectively graded they were not entitled to be paid the prevailing wage under section 220 of the Labor Law. The parties to the instant proceeding do not now question that the grading of civil service employees in the competitive class is inconsistent with their being paid the prevailing rate under section 220.
The issue on the present appeal is crystallized by the following language from the opinion in Corrigan by Judge Lewis, as he then was: “ We thus reach the question which prompted the dissent by two Justices of the Appellate Division, viz., the date upon which the Municipal Civil Service Commission, by resolution, effectively graded appellants’ positions.” (p. 183.)
The answer to that question was held to have been supplied by subdivision 2 of section 11 of the Civil Service Law. The preceding subdivision of that section empowers the Municipal Civil Service Commission to “ prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of said city, and for appointments and promotions therein and the examinations therefor ”. Subdivision 2, with which we are immediately concerned, contains the following provision which is material to the present controversy: “ Such rules so prescribed and established, and all regulations for appointment and promotion in the civil service of said cities and any subsequent modification thereof, whether prescribed under the authority of a general law or of any special *609 or local law, shall be valid and take effect only after a public hearing, notice of which has been published for not less than three days, setting forth a summary of the subject matter of such proposals and upon the approval of the mayor or other duly authorized appointing authority of the city and of the state civil service commission. ’ ’
In May, 1938, a resolution by the Municipal Civil Service Commission purported to reclassify the positions of employees of this character, and authorized fixation of the maximum and minimum compensation of their wage or salary grades at levels to be established by the Board of Transportation and to be approved by the Municipal Civil Service Commission. That resolution was ratified by the Mayor on June 2, 1938 and by the State Civil Service Commission on July 1, 1938. After noting these circumstances, this court held in Corrigan that inasmuch as no specific wage schedule had been adopted by the Board of Transportation when that resolution was enacted by the Municipal Civil Service Commission, approval by the Mayor and the State Commission in advance of the adoption of a specific wage schedule was nugatory. The Mayor and the State Civil Service Commission could not delegate their power to approve wage scales to the Board of Transportation, nor could they ratify acts of the Board of Transportation before they had been performed ; in order to comply with subdivision 2 of section 11 of the Civil Service Law, it was necessary that specific wage scales should have been adopted by the Board of Transportation, this court held, before they could be approved by the Mayor and the State Commission. Corrigan decided that these employees were not effectively graded by the Municipal Commission’s resolution of May, 1938, and that they (including present petitioner Foy) were entitled to receive the prevailing rate of wage under section 220 of the Labor Law without being barred by the Municipal Commission’s ineffective grading of them in 1938. Corrigan held that they were barred, however, by a subsequent grading resolution adopted by the Municipal Commission December 29, 1942 and approved by the Mayor February 2, 1943 and by the State Civil Service Commission on February 25, 1943. This resolution, like the one of 1938, provided that wage scales were to be established by the Board of Transportation and approved by the Municipal Civil Service Commission. There was a difference, however. Meanwhile specific wage grades had been. *610 established and were in operation and effect. Judge Lewis’ opinion in Corrigan continues, speaking of the new grading effective February 25, 1943 (pp. 184-186):
“ Again, no wage scale was annexed to the resolution, but in February, 1943 — as distinguished from 1938 — there was a wage scale, adopted by the Board of Transportation and which was approved by the Municipal Civil Service Commission, actually published and in effect.
* * *
“ In our opinion, the mandate contained in subdivision 2 of section 11 of the Civil Service Law — that Municipal Civil Service Commission rules and regulations, and modifications thereof, ‘ shall be valid and take effect only * * * upon the approval of the mayor * * * and of the state civil service commission ’ (emphasis supplied)—makes invalid the grades sought to be established by the Municipal Civil Service Commission in 1938, because the salaries for such grades had not then been established, much less approved, by the Mayor and State Commission.
“ We have seen that salary is the essence of a ‘ grade ’, and hence no valid grade may be established until the salary therefor has been fixed. As the statute requires approval by the Mayor and State Civil Service Commission of rules and regulations of the Municipal Civil Service Commission as essential to their effectiveness, we do not believe that such approval may be given by those officials in advance of the actual establishment by the Municipal Civil Service Commission of such rules and regulations. In other words, the approval in 1938 by the Mayor and State Commission of such salaries as may be established ‘ from time to time ’ by the Board of Transportation and the Municipal Commission was ineffective. (See Matter of Burri v. City of New York, 291 N. Y. 776.) However, when the Mayor and State Commission approved the second resolution in February, 1943, wage scales — although not annexed to the resolution—were in existence and in actual operation. We conclude that the approval of the resolution in 1943 carried with it approval of the wage scales then in effect.
“ The order of the Appellate Division should be modified by remitting the proceeding to the comptroller with directions that he determine the ‘ prevailing rate of wages ’ for appellants who may be entitled thereto for the period between July, 1938, and *611 February 25, 1943, and, as so modified, the order should be affirmed, without costs.”
Foy recovered at the prevailing rate from July, 1938 until February 25,1943 in the Corrigan case, but was defeated insofar as he claimed for a period after the latter date. He has now commenced another article 78 proceeding to recover at the prevailing rate for the period after February 25, 1943. That is to say, he is now suing for that part of the relief which he sought but was denied in the Corrigan case.
Foy attempts to escape the bar of that adjudication on the basis that the Municipal Civil Service Commission was not a party in the Corrigan proceeding. That did not stop him from taking advantage of the final order in Corrigan insofar as it allowed him to recover at the prevailing wage rate for the period between July, 1938 and February 25, 1943. This court directed that he recover for that period in spite of the Municipal Civil Service Commission’s invalid grading resolution of May, 1938. The circumstance that the Municipal Civil Service Commission was not before the court did not prevent him from recovering. The Civil Service Commission’s grading resolution was not avoided on the ground that it was arbitrary — in which event it would stand unless directly attacked in an article 78 proceeding against the commission — but it was held to be null and void on procedural grounds in that it had not been approved by the Mayor or State Civil Service Commission after specific wage scales had been established, in violation of subdivision 2 of section 11 of the Civil Service Law. Having neither force nor effect, the 1938 resolution of the Municipal Commission could be attacked collaterally; it did not need to be vacated; it simply did not operate as a bar against the fixation of the prevailing rate of wage by the Comptroller to be paid to Foy and the other employees who were parties to that proceeding. The footnote subjoined to page 186 of the opinion by Judge Lewis that the commission’s grading resolutions could not be challenged on the ground of arbitrariness except in a proceeding to which the commission was a party, did not relate to that part of the Corrigan decision which directed payment at the prevailing rate of wage until February 25,1943, notwithstanding the absence of the commission as a party. The significance is that the effect of the Corrigan final order as res judicata against Foy is not affected by the absence of the Municipal Commission as a party to that proceeding.
*612 The distinction is between a Civil Service Commission rule which is made without jurisdiction ■—void due to omission to follow the statutory procedure, and an attack upon grading made within the power of the commission but by an arbitrary exercise of that power. In the latter event, as Judge Lewis’ footnote and the cases cited therein indicate, the determination of the commission is binding unless and until it is annulled in an article 78 proceeding brought within four months (Civ. Prac. Act, § 1286) upon the ground that it is arbitrary. It is well established that determinations which are made within the jurisdiction of the official or body concerned, stand unless they are avoided by a direct attack where the infirmity is alleged to be that the action has been arbitrary or capricious. This idea was correctly expressed in Justice Cohet’s dissenting opinion in Matter of Foy v. Brennan (285 App. Div. 669, 675-676): “ The observation of the Court of Appeals in that case, contained in its footnote, upon which the petitioners rely (Matter of Corrigan v. Joseph, 304 N. Y. 172, 186) related not to the power of the commission to fix grades, but to the claimed arbitrariness of the exercise of that power.”
This principle has been repeatedly enunciated by the New York Courts. (Matter of McLean v. Jephson, 123 N. Y. 142 [1890]; Matter of Long Is. R. R. Co. v. Hylan, 240 N. Y. 199 [1925]; People ex rel. New York Cent. R.R. Co. v. Limburg, 283 N. Y. 344 [1940]; see Matter of Beckmann v. Talbot, 278 N. Y. 146, 149, 152 [1938].) It is stated (73 C. J. S., Public Administrative Bodies and Procedure, § 146) as follows (p. 480): “ Notwithstanding the rule against collateral attack, a decision [of an administrative body] may be subject to such attack where it is absolutely void; and, since the jurisdiction of an administrative board or agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it is made either without statutory power or in excess thereof. Accordingly, administrative decisions may be collaterally attacked as void for want of jurisdiction ”.
Nothing more than this was held in Matter of Golden v. Joseph (307 N. Y. 62, 68) or in Matter of Don v. Joseph (1 N Y 2d 708).
Matter of Corrigan v. Joseph (304 N. Y. 172, supra) operates as res judicata against the present claim of John Foy.
The question regarding petitioner Goldman is whether the precedent of the Corrigan case disposes of his claim under the *613 principle of stare decisis. Respondent Goldman asserts that the point was not raised in Corrigan that the grading effective February 25, 1943 was invalid for the reason that notice of a public hearing was not published as required by subdivision 2 of section 11 of the Civil Service Law. The resolution of the Municipal Civil Service Commission effective February 25,1943 was published as required by this statute. The contention of respondents is that the specific wage schedules which had been adopted by the Board of Transportation prior to the passage of this resolution were not published with it. The effect of the 1943 resolution, as held in Corrigan, was to adopt the specific wage rates which were then in effect. Respondents seem not to question that the 1943 resolution would have been validly published if it had recited that it approved wage schedules which were on file in the office of the Board of Transportation (Village of Northport v. Walsh, 265 N. Y. 458). They base their contention on Village of Williston Park v. Israel (301 N. Y. 713), where a building zone map that was part of a zoning ordinance had not been published in the notice of hearing on the ordinance. The notice did not state, according to the syllabus, “ that the map was on file with the village clerk, nor did the resolution purporting to enact the ordinance designate the boundaries of the four zones by its terms.” This court and the Appellate Division affirmed without opinion; an opinion had been written at Special Term by Hooley, J. (191 Misc. 6, 9), which stated: “ By reason of the failure to publish the map, to post the map, to include the map in the ordinance as published or to set forth that such map was on file in the office of the village clerk, and by reason of the failure of the ordinance to otherwise describe in the text of the ordinance the use districts attempted to be created, the ordinance is null and void. ’ ’ (Italics supplied.)
The situation here is different from that in the Williston Park case. The notice of hearing which was published concerning the grading effective February 25, 1943 contained the following recital concerning the adoption by the Board of Transportation of these wage rates:
“ Part 39, The Rapid Transit Railroad Service, Group 1 (per diem and per hour positions):
‘ ‘ The maximum and minimum compensation of the grades of positions in this group is fixed at the maximum and miuimum in the case of each position of the several scheduled rates of wages *614 adopted by the Board of Transportation and approved by the Municipal Civil Service Commission from time to time.
# * •
Car Maintainer Group D.”
This language necessarily incorporated by reference the several scheduled rates which had been adopted by the Board of Transportation. It was published as part of the notice.
This point was raised in this court in the Corrigan case, contrary to respondents’ present contention, as appears from page 36 of the Connelly, Remelius et al. brief, nor did it escape the attention of the court when Matter of Corrigan v. Joseph was decided.
This question was decided in the Corrigan case. It is the reasonable view, in any event, that the notice of hearing on the Municipal Commission’s 1943 resolution, which was published, did refer to the wage grades as promulgated and in operation. Such publication complied with subdivision 2 of section 11 of the Civil Service Law.
The assertion at folios 59-60 of the amended petition that at the hearing which preceded the adoption of the resolution effective February 25, 1943 the commissioners refused to hear or consider any discussion of the question of any specific amount of maximum and minimum compensation as constituting a salary grade, is not borne out by the excerpts from the minutes which are attached to the petition and marked Exhibit G. It is evident that the presiding commissioner tried to discourage extended discussion on specific wage items, but he did not preclude it.
The proceedings taken subsequent to the Corrigan decision do not affect the issue. Regardless of whether the procedure in these instances subsequent to Corrigan complied with subdivision 2 of section 11 of the Civil Service Law, it could not have the effect of restoring petitioners ’ right to receive the prevailing rate of wage which had existed prior to February 25, 1943 when these positions were first effectively graded. These subsequent proceedings raised the wages of these employees, who are not in position to complain of increases in their compensation. If these resolutions were rescinded, as Justice Cohn pointed out in his opinion at the Appellate Division (285 App. Div. 669, 677, supra), the wages of petitioners would revert to the lower amounts fixed by the scale effective February 25, 1943.
*615 Insofar as concerns the four months’ Statute of Limitations prescribed by section 1286 of the Civil Practice Act, this bars only those parts of the petition which attack the grading resolution by the Municipal Civil Service Commission upon the ground of arbitrariness. As indicated in the footnote in the Corrigan opinion, such an attack would need to be made in an article 78 proceeding instituted directly against the Municipal Commission, which would, of course, have to be instituted within the four months ’ period limited by section 1286. It is otherwise where the commission’s resolution is attacked for lack of power (Matter of Gimprich v. Board of Educ., 306 N. Y. 401; Toscano v. McGoldrich, 300 N. Y. 156, 160; Matter of Weldon v. Rheinstein, 283 N. Y. 753).
The order appealed from is reversed and the amended petition dismissed. The question certified is answered in the negative.