**Ray TAFT, Appellant,**

v.

**W. A. WOLMA, Appellee.**

**No. A 3870.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 29, 1976.

Marshall I. Yaker, El Paso, for appellant.

Cheryl Wilson, San Antonio, for appellee.

PER CURIAM.

On September 3, 1976, appellant filed his motion seeking an extension of time for filing the record in his appeal from a judgment signed on July 7, 1976, after a non-jury trial. No motion for new trial was filed. The cost bond was timely filed on August 6, 1976.

The motion for extension of time is not supported by an affidavit from either the court reporter or the County Clerk. We have been advised by appellant's attorney that the record was requested on August 26, 1976. As explanation for this delay of fifty-six days in requesting the record, it is stated that appellant's present attorney was only recently retained to prosecute this appeal.

Rule 376 [1] requires the appellant to promptly request his transcript and Rule 377 requires the same with reference to the statement of facts. In *Patterson v. Hall*, 430 S.W.2d 483 (Tex.1968), the Supreme Court considered the meaning to give to the relative term "promptly." It was held that such term means a reasonable time when all attendant facts and circumstances surrounding the act to be performed are considered. The following rule was adopted:

> We hold, therefore, that when a timely motion is made for an extension of time in which to file a transcript or statement of facts, supported by proof that the clerk of the trial court or the court reporter, as the case may be, could not, after request was made, prepare the part of the record

1. All rule references are to Tex.R.Civ.P.

■■■■■■■■■■■■■■■■

requested in time for filing with the clerk of the court of civil appeals within sixty days after entry of judgment or order overruling the motion for new trial, the court of civil appeals, in deciding the question of 'good cause' for the extension, has a duty to decide, in the light of all attendant facts and circumstances, the preliminary question of whether the request for the record was made within a reasonable time after notice of appeal was given.

■■■■ Although Rule 386 has now been amended and superseded in part by Rule 21c, appellant still has an obligation to promptly request the record or "reasonably explain" his failure to do so. Appellant has wholly failed to offer such an explanation by his motion for extension of time.

The motion for extension of time is denied.