■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. GOLINSKI, Appellant.—Appeal from (1) an order of the Supreme Court at Special Term, entered July 8, 1977 in Albany County, which granted plaintiff's motion for summary judgment, and (2) the judgment entered thereon. During the period December, 1972 through June, 1973 defendant was the recipient of unemployment insurance benefits, and in a decision filed March 19, 1975, the Unemployment Insurance Appeal Board determined that, as a result of his willful false statements, he had received overpayments of benefits totaling $1,293.75 which were ruled to be recoverable. Although advised in the board's decision of his right to appeal to this court therefrom, defendant took no appeal, and on April 11, 1977 the present action was instituted to recover the overpayments. In his verified answer, defendant interposed three affirmative defenses, to wit: that he made no willful misrepresentations which would justify recovery of the alleged overpayments; that he accepted the payments in good faith; and that the rejection of his contentions of good faith and lack of intent to misrepresent was without a rational basis, arbitrary, capricious, unlawful, in excess of legal authority and, consequently, violative of his right of due process. Thereafter, Special Term granted plaintiff's motion for an order striking defendant's answer and granting plaintiff summary judgment, and this appeal ensued. The sole question presented for our review is whether or not defendant may collaterally attack by his answer in this action the board's decision that he willfully misrepresented his eligibility for unemployment insurance benefits, and we hold that he cannot. The board was clearly authorized to determine, as a question of fact, if defendant had been guilty of willful misrepresentation in order to obtain benefits (*Matter of Baxter [Levine]*, 50 AD2d 642; *Matter of Bomwell [Levine]*, 49 AD2d 790). Accordingly, being within its jurisdiction, its action in so doing could only be attacked by defendant directly via an appeal to this court as statutorily provided (Labor Law, §§ 624, 626), and Special Term properly struck defendant's answer and granted plaintiff summary judgment (cf. *Matter of Foy v Schecter,* 1 NY2d 604). Order and judgment affirmed, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.