No. 79-32

IN THE SUPREME COURT OF THE STATE OF MONTANA

A. C. RIERSON,

Plaintiff and Appellant,

vs.

THE STATE OF MONTANA, AND
BOARD OF ADMINISTRATION OF
PUBLIC EMPLOYEES RETIREMENT
DIVISION,

Defendants and Respondents.

Appeal from:  District Court of the First Judicial District,
              In and For the County of Lewis and Clark,
              Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Conner, Baiz & Olson, Great Falls, Montana
        Dennis Conner argued, Great Falls, Montana

    For Respondents:

        Hughes, Bennett & Cain, Helena, Montana
        John Sullivan argued, Helena, Montana

                              Submitted: February 26, 1980
                              Decided: APR 1 - 1980

Filed: APR 1 - 1980


_____Thomas J. Kearney_____
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

A. C. Rierson appeals from an opinion and order dismissing his original and amended petitions for judicial review of an administrative agency's decision. The opinion and order was entered by the District Court, First Judicial District, Lewis and Clark County, upon motions to dismiss by the State and the Board of Administration of the Public Employees' Retirement Division.

Rierson served for over twenty-five years with the Montana Highway Patrol. When Rierson began his career, the patrolmen's retirement system was administered by the Montana Highway Patrolmen's Retirement Board. It had interpreted the law to provide for an actuarial equivalent which would increase a patrolman's pension for additional service after retirement age without drawing on the pension.

In 1971, the function of administering the Highway Patrolmen's Retirement Act was transferred to the Board of Administration. It interpreted the law differently. Under the new interpretation, no patrolman's retirement allowance should ever exceed one-half of his final salary, regardless of his years of service. This new interpretation of the retirement statute was applied prospectively.

On September 24, 1973, Rierson wrote to the Board of Administration. Rierson wanted to know how his retirement benefits would be affected if he worked more than twenty-five years with the Highway Patrol. Rierson was told his retirement benefits would not continue to accumulate after his twenty-fifth year with the Highway Patrol.

On January 30, 1974, Rierson officially requested his regular retirement allowance. Rierson planned to continue

as a patrolman, but he made the request because his retirement benefits were fixed and he was no longer working under the retirement program. Initially, Rierson was advised no provision permitted a patrolman to receive retirement benefits while continuing to serve as a patrolman. Later, Rierson was told he would be denied additional retirement benefits for his services after twenty-five years.

Rierson resigned from the Highway Patrol on March 8, 1974. Two years later, on April 6, 1976, he requested an administrative hearing on his claim for additional retirement benefits for service after twenty-five years as a patrolman and credit for service in the military.

The administrative hearing was held on July 15, 1976. The Board of Administration denied Rierson's requested relief on September 16, 1977, and Rierson was notified of the decision on December 12, 1977.

On January 11, 1978, Rierson filed a petition for judicial review in Lewis and Clark County. A summons was issued but never served. On May 21, 1979, Rierson filed an amended petition. He returned the original summons and requested an amended summons. Both the amended petition and summons were served on the Board of Administration on May 29, 1979.

On June 18, 1979, the State and the Board of Administration filed motions to dismiss the petition for insufficiency of service of process and failure to state a claim. A hearing on the motion was held on July 3, 1979, and an opinion and order dismissing both the original and amended petitions with prejudice was issued on August 29, 1979. Three grounds were given. First, there was no prompt service of the original petition under section 2-4-702(2)(a), MCA. Consequently, the original petition must be dismissed for lack

of District Court jurisdiction. Second, absent such service, the amended petition could not relate back to the original petition under Rule 15(c), M.R.Civ.P. Third, both petitions must be dismissed with prejudice under Rule 41(b), M.R.Civ.P., for lack of prosecution.

The judgment of dismissal was entered on September 25, 1979. Rierson's notice of appeal was filed on September 28, 1979.

Two issues are raised upon this appeal. The first is whether section 2-4-702(2)(a), MCA, is unconstitutional. The second is whether the District Court erred in granting the motions to dismiss Rierson's petition for judicial review. We uphold the constitutionality of the statute, and we can find no error by the District Court.

Rierson first contends section 2-4-702(2)(a), MCA, is unconstitutionally vague. Next. Rierson implies the statute violates his equal protection rights. Both contentions are without merit.

Section 2-4-702(2)(a), MCA, is not unconstitutionally vague. A statute violates due process for vagueness when the language used does not sufficiently define the required conduct and men of common intelligence must necessarily guess at its meaning. United States v. Powell (1975), 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228. Such is not the case with the term "promptly." "Promptly" is a common word with a plain and well known meaning. That meaning is ready and quick to act, depending on the circumstances. Irvin v. Koehler (2nd Cir. 1916), 230 F. 795; Taft v. Wolma (Tex.Civ.App. 1976), 541 S.W.2d 673. A statute is not unconstitutionally vague merely because clearer and more precise language might have been used. See United States v. Petrillo (1947),

-4-

332 U.S. 1, 7, 67 S.Ct. 1538, 1541, 91 L.Ed. 1877, 1882. Moreover, Rierson conceded "promptly" may be governed by standards of reasonableness. Such standards are consonant with due process when they can be judged by a common standard of conduct. See F & A Ice Cream Co. v. Arden Farms Co. (S.D. Cal. 1951), 98 F.Supp. 180.

Section 2-4-702(2)(a), MCA, also does not violate Rierson's equal protection rights. Rierson asserts the statute unconstitutionally discriminates in favor of the government by requiring a stricter standard of service of process simply because Rierson's claim involves redress against a governmental body. However, this requirement applies with equal force to governmental agencies who seek review of adverse administrative decisions.

We also hold the District Court properly dismissed Rierson's petition for judicial review for failure of service and lack of prosecution.

The Montana Administrative Procedure Act governs the procedural aspects of this cause. Under that act, a petition for judicial review must be filed within 30 days after service of the final agency decision, and once filed, the petition must be promptly served upon all parties of record. Section 2-4-702(2)(a), MCA.

Rierson asserts the State and the Board of Administration were timely served under this statute. Rierson first points out that service under the Administrative Procedure Act is governed by the Montana Rules of Civil Procedure unless a statute expressly provides otherwise. Section 2-4-106, MCA. From this Rierson contends "promptly" is an indefinite term, and as a consequence, service is governed by the three-year time limit of Rule 41(e), M.R.Civ.P. Alternatively,

Rierson asserts service sixteen and one-half months after filing is prompt. Both contentions are without merit.

When construing a statute words should be given their plain and ordinary meaning. Jones v. Judge (1978), ____ Mont. ____, 577 P.2d 846, 848, 35 St.Rep. 460, 462. As already noted, the plain meaning of "promptly" is ready and quick to act, depending largely on the facts of each cause. Irvin v. Koehler, supra; Taft v. Wolma, supra.

Here, a sixteen and one-half month delay is not reasonable under the facts of this cause. Rierson never served his original petition, and no explanation has been given for this failure. Certainly, service on the State or the Board of Administration could easily have been obtained. Similarly, no acceptable explanation has been given for the delay in filing and serving the amended petition. Rierson's attorney felt he had three years in which to perfect service of a petition for judicial review. An attorney's mistake is unfortunate, particularly here where Rierson's claim was dismissed with prejudice. However, there are two sides to all litigation, and the State and the Board of Administration are entitled to insist on the finality of litigation. Armstrong v. High Crest Oil, Inc. (1974), 164 Mont. 187, 520 P.2d 1081; and State ex rel. Equity Supply Co. v. Dist. Court (1972), 159 Mont. 34, 494 P.2d 911.

Rierson next contends his amended petition should have related back under Rule 15(c), M.R.Civ.P., to the time of his original petition which was timely filed but never served. This contention is also without merit.

The amended petition cannot relate back under Rule 15(c), M.R.Civ.P., to the date the original petition was filed. The concept of notice is critical to operation of the relation

back rule. In Rozan v. Rosen (1967), 150 Mont. 121, 125, 431 P.2d 870, 872, the relation back rule was described as follows:

> ". . . Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged . . . will relate back even though the statute of limitations has run in the interim . . ." (Quoting 3 Moore's Federal Practice, ¶15.15(3) at 15-194 to 15-196.)

Here, the amended petition was filed more than 30 days after Rierson had been served with the final agency decision, and the State and the Board of Administration were never served with the original petition. It follows that the State and the Board of Administration were not given fair notice by the original petition, and the amended petition should be dismissed since the relation back doctrine will not operate.

It is not ordinarily the function of appellate tribunals to review administrative procedures or to establish exact time limits where none has been provided by the legislature. Isobe v. California Unemployment Insurance App. Bd. (Calif. 1974), 526 P.2d 528, 532. However, for the sake of guidance in the future, we note that service of a petition for judicial review within thirty days, or thereabouts, from the time the petition was filed in the District Court should not result in a dismissal for failure to comply with section 2-4-702(2)(a), MCA.

The opinion and order of the District Court is affirmed. Rierson's contentions lack substance and Rierson has not carried his burden on appeal.

John Conway Harrison
Justice

-7-

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_
Justices

Mr. Justice John C. Sheehy dissenting:

Somewhere in the dim past of my legal education and of what I thought was a broad legal experience, I missed something. While my attention was elsewhere, an administrative body became possessed of the full judicial power of the State to decide constitutional issues and to determine, even against itself, whether a promissory estoppel cause existed. While I was napping, this remarkable event of legal progress, unique among the several estates or in the federal system, bridged the abyss that used to exist between the powers of the judicial and the powers of the executive branches.

Unless we concede that the Public Employees' Retirement Board is vested with broad judicial power contra to our state constitution, Alfred C. Rierson is deprived by the majority opinion of his constitutional right to have his cause of action for promissory estoppel tried in a judicial forum, and we have surrendered for ourselves and the District Courts, our constitutional duty to decide finally such items as due process and equal protection of the law.

From the beginning, Alfred C. Rierson's claims before the Public Employees' Retirement Board were three-fold: (1) he was entitled to purchase credit toward his retirement, pension for military service, and credit for time worked over 25 years; (2) PERS had tortiously misled him into working beyond 25 years by promising him that such additional work years would be credited to his retirement; and, (3) if PERS decided otherwise, he was deprived of due process and equal protection of the laws.

I would concede that PERS has the administrative power to interpret the retirement system laws as they exist and its rules thereunder as to the eligibility and extent of retirement benefits due Alfred C. Rierson. However, that power is subject to judicial

-9-

review. I do not concede, although the majority has decided otherwise, that PERS has the judicial power to decide a tort action against itself, or that it can make decisions of constitutional quality, which bind the District Courts or us. In other words, while PERS has administrative power to render a reviewable decision on Rierson's first claim, it has no judicial power to decide his second and third claims.

The Board exercised judicial power beyond doubt. In its conclusion of law no. 3, it determined that Rierson was not "denied due process of law"; in conclusion of law no. 4, it found that "petitioner was not denied equal protection of the laws." In conclusion of law no. 5, it stated that the "petitioner cannot by way of promissory or equitable estoppel bar the application" of a statute to his retirement benefits.

Those conclusions go far beyond the interpretative power of the Public Employees' Retirement Board. The only power that I can find vested in the Board, beyond the authority to make rules, is the following:

> "The board shall determine who are employees within the meaning of this chapter. The board shall be the sole authority under this chapter as to the conditions under which persons may become members of and receive benefits under the retirement system. The Board shall determine and may modify allowances for service and disability under this chapter. All persons in similar circumstances shall be treated alike." Section 19-3-304(2), MCA.

That grant of responsibility by the legislature does not constitute an investment of judicial power. In fact the legislature could not invest the Board with judicial functions, because under the 1972 Montana Constitution, Art. VII, §1, the judicial power of the state is vested in the courts.

When Alfred C. Rierson lost before the Public Employees' Retirement Board, he filed his petition for review in the District Court. His petition, and his amended petition, continued his claims

for benefits, as a reviewable matter, but also included his due process and equal protection contentions, and his promissory estoppel claim against PERS. His petition should be regarded by us not only as one for review of the administrative action, but as an independent, separable complaint on the tort and constitutional issues. His petition in the District Court on these contentions is filed for the first time in a forum with the judicial power to decide them. We should therefore not kick him out of court on a procedural point relating to administrative review when the same procedure would be acceptable had his petition been confined to the judicial issues. What I am saying is Rierson could have ignored the adverse findings of PERS and filed instead a petition for certiorari to review the constitutionality of the laws as applied to him, and to prosecute his promissory estoppel action. This would not be a collateral attack, as we shall show. He chose instead to combine his administrative review petition with his other contentions, which has the advantage of showing that he had exhausted his administrative remedies.

Determination of constitutional issues is reserved to the courts. It is said in 1 Am.Jur.2d 989, 990, Administrative Law, §185:

> "While in some special instances the determination of the validity of a legislative act may be within the competence of an administrative agency it is universally recognized that administrative agencies, as such, do not determine constitutional issues and specifically do not determine the constitutionality of statutes or ordinances under which they act the validity of which is and must be assumed by them until a judicial declaration to the contrary."

Take note, therefore, that the majority opinion deprives Alfred C. Rierson of any judicial action or review with respect to his constitutional issues or his tort claim and leaves him only with the decision of a Board that had no choice but to uphold the constitutionality of its actions.

The procedural point upon which the majority decision turns is that Rierson, although he filed his petition for review of the

administrative action in time, did not serve a copy of the petition "promptly" as required by section 2-4-702(2),(a),MCA. Leaving aside the legislative imprecision inherent in the term "promptly" it has no application in this case in any event because Rierson's petition in the District Court is presented for the first time in a forum with the judicial power to decide his issues of constitutionality and promissory estoppel. What the majority opinion overlooks, as indeed did the parties, is that section 2-4-702, MCA, the procedural statute relied on by the majority, is not intended to limit the scope of judicial review in precisely this kind of case. That same section provides:

> "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by statute." Section 2-4-702(1)(a), MCA. (Emphasis added.)

Not only does our statute permit other types of judicial review such as should have been given to Rierson here, but other jurisidictions have indicated that the procedural rules for judicial review do not apply when decisions beyond the competence of the administrative body are up for review.

In Hadden v. Aitken (Neb. 1952), 55 N.W.2d 620, 35 A.L.R.2d 1003 (decided on other grounds) a motion to dismiss was filed because the appeal from an administrative agency had not been filed in time. The Nebraska court determined that it had before it an original action in equity to enjoin the enforcement of an administrative order on the grounds of unconstitutionality. In that situation, the Nebraska court refused to dismiss the appeal on the ground that the appeal had not been filed in time.

In Foy v. Schechter (N.Y.C.A. 1956), 136 N.E.2d 887, 885, the New York Court of Appeals allowed a collateral attack on an administrative action where the contention was made that the attack was on the ground of lack of power in the administrative agency to

-12-

make the decision and quoted 73 C.J.S. Public Administrative Bodies and Procedure, §146, as follows:

"Notwithstanding the rule against collateral attack, a decision [of an administrative body] may be subject to such attack where it is absolutely void; and, since the jurisdiction of an administrative board or agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it made either without statutory power or in excess thereof. Accordingly, administrative decisions may be collaterally attacked as void for want of jurisdiction; and where a board's order is without the board's authority, and is based not on a determination of fact, but on an erroneous conclusion of law, it is clearly void and subject to collateral attack."

The procedural statute upon which the majority relies, section 2-4-702(2)(a), MCA, is an example of poor legislative draftsmanship insofar as the review procedure in District Courts is concerned. After providing that the petition for review shall be filed in the District Court within 30 days after service of the final decision of the agency, it goes on to provide that a copy of the petition shall be "promptly served" upon the agency. Nothing in the statute indicates anything about service of process out of the District Court. In the normal procedure, which we assume should apply here, upon the filing of the petition for review, either a summons or a writ of review issued by the court and served upon the agency would be the method to bring the agency within the jurisdiction of the District Court. Nothing in the procedural section provides for service of process upon the agency. Presumably therefore, the ordinary statutes and rules pertaining to process should be followed on petitions for review from administrative agencies. In my opinion, the provision that a copy of the petition (which is not a process) be "promptly served" upon the agency is merely directory and has nothing to do with the acquiring of jurisdiction by the District Court over the agency. That is acquired when process issued by the court, either a summons, or a writ, is served upon

the agency.   The ordinary rules of service apply to a summons or a writ.   I would reverse and remand with directions to the District Court to deny the motion to dismiss filed by the agency, and to proceed to a valid determination of all the issues raised by the amended petition.

_____
                Justice

I join in the dissenting opinion of Mr. Justice John C. Sheehy.

_____
                Justice