JUSTICE McDONOUGH
dissenting:
The language of the rule clearly and unequivocally requires the dismissal of lawsuits when the return of service fails to be “filed with the Clerk of Court within three years after the commencement of said action.” Such words should be given their plain and ordinary meaning. Section 1-2-106, MCA, Rierson v. State (1980), 188 Mont. 522, 614 P.2d 1020.
The purpose of the rule is to allow district judges by examining the court file to dismiss actions in which proof of service has not been entered without further red tape. Dockets are cleared without delay.
The appellant has not stated or alleged any excuse or reason to invoke the equity of a court for her failure to file the return in the time frame required. In fact the situation is just the opposite. The summons was issued on the day of the filing of the action. The defendant, Treasure County, was always available for over one thousand days for service of process. Our Federal Constitution was debated and approved by the Convention, and debated and ratified by the States in less time when communication and transportation was done by horse and buggy. Yet in this case no service was made until the last day and it was incumbent on the appellant to have proof of service filed. The majority opinion fosters delay which is the opposite of just, speedy and inexpensive determination of lawsuits.
I would affirm the District Court.