NO. 93-141

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

THE STATE OF MONTANA,

     Plaintiff and Respondent,

v.

ROD JOHNSTON,

     Defendant and Appellant.

FILED

JAN 12 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Karl Knuchel, Attorney at Law,
Livingston, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General:
George Schunk, Assistant Attorney General,
Helena, Montana

          Wm. Nels Swandal, Park County Attorney,
Livingston, Montana


Submitted on Briefs:   October 21, 1993

Decided:   January 12, 1994

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant, Rod Johnston, appeals from a judgment of the Sixth Judicial District Court, Park County, finding him guilty of shooting and taking a bull elk near Gardiner, Montana, before the morning legal shooting time during hunting season.

We affirm.

Appellant raises the following issue on appeal:

Did the Department of Fish, Wildlife, and Parks' (Department) regulations promulgated under § 87-1-201, MCA, regarding legal shooting times during big game hunting season, violate appellant's due process rights, or in the alternative did his conviction result from a violation of the rules of statutory construction?

On November 22, 1991, appellant was a licensed hunter, hunting near Gardiner, Park County, Montana. Appellant acknowledges that at 7:02 a.m. on that day, he shot and captured a six-point bull elk. Soon thereafter, a warden cited appellant for violation of § 87-1-102, MCA (1991), a misdemeanor, for taking a big game animal prior to the legal shooting time. The warden then confiscated the bull elk and sold it through a Fish and Game auction in Bozeman, Montana.

Appellant was convicted by jury verdict in the Park County Justice Court, and sentenced to a fine of $50, surcharge of $15, and court costs of $100. He appealed to the Sixth Judicial District Court, Park County, which set a trial de novo by jury. However, upon stipulation by the parties, the District Court heard the case after the parties stipulated to the findings of fact. The

2

court found appellant guilty of shooting and taking a bull elk before the legal shooting time, in violation of § 87-1-102, MCA (1991). The court sentenced him to a minimum statutory fine of $300, a surcharge of $15, and court costs of $100, the imposition of which the court stayed pending this appeal.

Did the Department's regulations promulgated under § 87-1-201, MCA, regarding the legal shooting time during big game hunting season, violate appellant's due process rights, or in the alternative did his conviction result from a violation of the rules of statutory construction?

The Department is granted broad statutory powers to supervise Montana's fish, wildlife, and parks. *See* § 87-1-201(1), MCA. Operating under legislative delegation of rulemaking authority (see § 87-1-201(7), MCA), the Department, through their Commission, has established hunting hours for big game animals:

> Authorized hunting hours for the taking of big game animals begins one-half hour before sunrise and ends one-half hour after sunset each day of the hunting season. See official sunrise-sunset table on page 46 of these regulations.

Big Game Hunting Regulations Montana (1991) at 3 (adopted by administrative order on March 7, 1991). Additionally, the Commission adopted administrative rules regarding the timetable as follows:

> 12.6.401 TIME ZONES (1) The following time zone descriptions and sunrise-sunset hour schedules are official times for the zones designated for the purpose of setting daily open and closed seasons. The time is mountain standard and during periods of daylight savings time add 1 hour (see following 4 pages).

(2) An abbreviated version of these tables may be printed on the big game maps and may be utilized by hunters during big game seasons. The complete table will be available at all regional offices and at the Helena headquarters.

This rule and the accompanying time zone tables are published in the Administrative Rules of Montana. The sunrise time set out in the table for November 22, 1991, relevant to hunting big game in Park County is 7:41 a.m. Therefore, according to the regulations, the earliest a hunter could have begun shooting on that date was one-half hour before 7:41 a.m., or 7:11 a.m.

Appellant argues that the hunting hour regulations established by the Department are confusing, internally inconsistent, ambiguous and vague, and factually erroneous requiring dismissal of the charges against him for failure to protect his right to due process. Although appellant's argument is inventive, we do not agree.

Appellant argues that the regulations confuse hunters. He argues that the Big Game Hunting Regulations, distributed to licensed big game hunters by the Department, state that hunting hours begin "one-half (1/2) hour before sunrise," and then proceed to cross-reference the Administrative Rules of Montana's timetable, which he argues, states the "actual sunrise" times. According to appellant, these two references are inconsistent by definition and thus confusing. The two references in the regulations are not inconsistent, but rather, one reference is more general, and cross-references the other more specific reference--the timetables.

Further, appellant argues that the term "sunrise" is ambiguous and vague, and should mean "actual sunrise" as calculated by the United States Naval Observatory, rather than as set out in the sunrise-sunset timetables by the Department. The Naval Observatory calculated sunrise in Park County on November 22, 1991, at 7:31 a.m. However, nowhere in his brief does appellant assert that on November 22, 1991, he had relied on Naval Observatory sunrise time, or the Yellowstone National Park informational radio station which, he claims, relies on the Naval Observatory time, when he shot the bull elk at 7:01 a.m.

We have held that a statute violates due process for vagueness when the language used does not sufficiently define the required conduct and persons of common intelligence must necessarily guess at its meaning. Pierson v. State (1980), 188 Mont. 522, 526, 614 P.2d 1020, 1023. We agree here with the District Court that:

> [T]here is no ambiguity in the regulations by Fish and Game's [sic] stating hunting begins thirty minutes before sunrise, and then printing exact schedules for sunrise, and no breach of due process occurred because the regulations are freely available to all hunters, anyone of ordinary intelligence would understand the same . . . .

The administrative rules and the pamphlets available to licensed hunters leave no room for a prospective hunter to guess at what time he could begin shooting on any given day of hunting season. Specifically, the regulations sufficiently define the meaning of "sunrise" in the published timetables by providing the exact time at which sunrise occurs for purposes of shooting big game animals.

In addition to the foregoing, appellant asserts that the rules and regulations contain erroneous scientific information and are subject to human error. Specifically, he argues that the tables incorrectly indicate on which day daylight savings time had begun in 1992. While the tables may be vulnerable to human error and incorrectly state the commencement time for daylight savings, they precisely identified the time of sunrise on November 22, 1991, so that a person of common intelligence would not need to guess when it would occur relevant to big game shooting time.

Finally, appellant argues in the alternative that his conviction resulted from a violation of the rules of statutory construction. He argues that since these regulations are ambiguous and vague, they should be construed and interpreted in his favor, resulting in an acquittal. In light of our determination that the regulations are not ambiguous or vague, we hold that the regulations should not be interpreted in appellant's favor resulting in an acquittal.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

January 12, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Karl Knuchel
Attorney at Law
P.O. Box 953
Livingston, MT 59047

Hon. Joseph P. Mazurek, Attorney General
George Schunk, Assistant
Justice Bldg.
Helena, MT 59620

Wm. Nels Swandal, County Attorney
Jon M. Hesse, Deputy
414 E. Callender
Livingston, MT 59047


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy