OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, in accordance with this memorandum, and, as so modified, affirmed. The certified question should be answered in the negative.
The Division of Housing and Community Renewal’s (DHCR) Rent Stabilization Code (9 NYCRR 2522.4 [a] [8]) permits the collection of temporary retroactive rent increases of up to 6% annually in addition to collection of prospective, permanent rent increases of up to 6% annually for major capital improvements (MCIs). This regulation authorizes landlords to recoup arrears accumulated during the period of administrative delay which occurs in the processing of applications for MCI rent increases, from the filing of the landlord’s MCI application until the issuance of the order granting the permanent MCI increase. However, because the regulation permits the collection of an aggregate increase in rent in excess of 6% in a single year, we now hold that it violates Rent Stabilization Law (Administrative Code of City of NY) §26-511 (c)(6).
*963 Section 26-511 (c) (6) is clear on its face: "[t]he collection of any increase in the stabilized rent for any apartment * * * shall not exceed six percent in any year * * * with collectability of any dollar excess above said sum to be spread forward in similar increments.” Thus the statute unequivocally places a ceiling on the total increased rental amount that may be collected in a given year — spreading the excess forward, thereby protecting tenants from precipitous rent increases. DHCR’s regulatory scheme permits collection of up to a 12% increase in a single year, thus exceeding the statutory ceiling. The regulation would thereby violate one of the primary purposes of the Rent Stabilization Law "to protect tenants from eviction as a result of rapidly spiraling rent increases” (Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 216). Moreover, the regulation leaves little, if any, scope to the statutory directive that collection of any "dollar excess” over 6% is to be spread forward (Rent Stabilization Law § 26-511 [c] [6]). Consequently, the regulation cannot be upheld.
In contrast, the merger of MCI rent increases into the base rent of stabilized tenants pursuant to the Rent Stabilization Code (9 NYCRR 2522.4 [a] [8]), and any resulting compounding effect caused by the application of rent guideline increases to the increased base rent, is proper under Rent Stabilization Law §26-511 (c) and this Court’s decision in Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal (supra). The practice of merging the increase into the base rent was implicitly condoned by Ansonia and is, in any event, consistent with the intent of the Rent Stabilization Law because it provides owners with an incentive to make improvements by assuring them an adequate return on their investment including recovery of additional expenses likely to be incurred in maintaining such improvements.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order modified, etc.