[622 NYS2d 997]

In the Matter of LAWRENCE P. FLYNN, Respondent, v STATE ETHICS COMMISSION, DEPARTMENT OF STATE, STATE OF NEW YORK, Appellant.

Third Department, February 23, 1995

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh, Jerry Boone* and *Peter H. Schiff* of counsel), for appellant.

*MacKrell, Rowlands & Premo,* Albany *(Patrick J. MacKrell* and *Paul A. Levine* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

Prior to his retirement on July 2, 1992, petitioner served as Adjutant General of the State Division of Military and Naval Affairs (hereinafter the Division) pursuant to Military Law § 11. Among petitioner's duties was the management of all State and National Guard armories, including the Park Avenue Armory in New York City (hereinafter the Armory), with the authority to grant or deny applications submitted by persons seeking to lease space in said armories.

As a result of a story in a New York City newspaper in April 1990 regarding improprieties in leasing of space in the Armory, respondent commenced an investigation of petitioner based on possible violations of Public Officers Law § 73 (5) and § 74 (3) (f) which, *inter alia,* prohibit a State employee from receiving a gift having a value of $75 or more which might appear to influence the performance of his official duties, or from engaging in conduct giving a reasonable basis for the impression that he can be improperly influenced in the performance of official duties.

In October 1990, petitioner was interviewed by representatives of respondent. In November 1990, respondent sent a 15-day letter to petitioner, as required by Executive Law § 94 (12), setting forth petitioner's alleged statutory violations and affording petitioner an opportunity to respond, which he did in December 1990. No further proceedings occurred and in July 1992 petitioner retired from the Division and terminated his employment with the State.

On December 11, 1992, respondent's Executive Director forwarded a notice to petitioner which stated that respondent had determined that there was reasonable cause to believe that petitioner had violated Public Officers Law § 73 (5) and § 74 (3) (f) by accepting free admission for petitioner and his wife to the 1990 Winter Antiques Show Preview Night at the Armory. The notice also indicated that respondent would

schedule a hearing to determine the facts and appropriate penalty, if any, citing Executive Law § 94 (13) as authority for its assertion that a knowing and intentional violation of Public Officers Law § 73 (5) could result in a civil penalty in an amount not to exceed $10,000 or in a referral to the appropriate prosecutor for prosecution as a class A misdemeanor. Shortly after receiving this notice of reasonable cause, petitioner commenced this CPLR article 78 proceeding in the nature of prohibition contending that as a result of his retirement, respondent had no jurisdiction to proceed against him.

Inasmuch as administrative agencies, as creatures of statute, are without power to exercise any jurisdiction beyond that conferred by statute (see, Matter of Foy v Schechter, 1 NY2d 604), we are faced with a question of statutory construction in which the primary consideration is to ascertain and give effect to the intent of the Legislature. Respondent derives its authority from Executive Law § 94 (1), which provides that respondent shall exercise its powers or duties only with respect to State-wide elected officials, State officers and State employees, as defined in Public Officers Law §§ 73 and 73-a.

Unlike Public Officers Law § 73 (8), which specifically imposes restrictions on the business and professional activities of certain former employees following their separation from State service, there is no reference to former employees in the definition of "state officer or employee" set forth in Public Officers Law § 73 (1) (i). Further, Public Officers Law § 73 (5) and § 74 (3) (f), under which petitioner is charged, contain no reference to former employees. Additionally, Executive Law § 94 (18), which establishes a public advisory council within respondent to oversee financial disclosure statements, provides in paragraph (i) that "[i]n the event that the reporting individual resigns his office and holds no other office subject to the jurisdiction of the commission, the information shall not be made public and shall be expunged in its entirety". We also note that in enacting Judiciary Law § 47, the Legislature specifically provided that the resignation of a Judge would not divest the Commission on Judicial Conduct or the Court of Appeals of jurisdiction over a pending matter for a period of 120 days after the Judge's resignation from office.

Upon reviewing the statutes in question, we are unable to discern any intent on the part of the Legislature to extend respondent's jurisdiction beyond the expiration of petitioner's employment, particularly where similar statutes governing

conduct of State employees specifically authorize the continuation of jurisdiction after the employee leaves office. Moreover, we cannot by implication supply in a statute a provision which it is reasonable to assume the Legislature intended intentionally to omit (McKinney's Cons Laws of NY, Book 1, Statutes §§ 74, 92).

Therefore, upon the facts before us, we find no basis to support respondent's contention that it retained jurisdiction over petitioner subsequent to his resignation. Thus, petitioner's application under CPLR article 78 for relief in the nature of prohibition was properly granted by Supreme Court.

MIKOLL, J. P., CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, with costs.