*30 OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by reducing the amount of the monetary award to $3,551.93 and, as so modified, affirmed without costs.
Contrary to tenant’s contention, the housing court correctly refused to entertain tenant’s challenge to the legality of the orders awarding rent increases for major capital improvements (MCIs). The only avenue of review of these orders was by way of administrative appeal and a CPLR article 78 proceeding (Rent Stabilization Law of 1969 [Administrative Code of City of NY] §26-516 [h]; Rent Stabilization Code [9 NYCRR] parts 2529, 2530; Matter of Foy v Schechter, 1 NY2d 604, 612). The propriety of the determinations reached in those proceedings is not subject to review by the housing court.
In the instant case, both parties agree that the 6% limitation on the collectibility of the MCI increases set forth in Rent Stabilization Law § 26-511 (c) must be based on the rent in effect at the time of landlord’s application for the MCI increase (here $392.80) and not on the subsequent legal regulated rents. Despite a contrary view expressed in an Appellate Division dissent (Bryant Ave. Tenants’ Assn. v Koch, 196 AD2d 766, 769 [Wallach, J., dissenting], mod 84 NY2d 960), we agree with the parties’ position. Rent Stabilization Law § 26-511 (c) provides that the 6% increase will be over “the rent set forth in the schedule of gross rents,” which we understand to mean the schedule which accompanied the MCI application, and that collectibility will be spread forward “in similar increments.” In light of this language, it appears that the Legislature did not intend that the 6% was to be collected in varying increments based on subsequent legal regulated rents (see generally Scherer, Residential Landlord-Tenant Law in New York § 4:146 [West Prac Guide 2000]; Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 11:334 [West NY Prac Series 1998]).
Tenant’s contention that the permanent MCI increases do not get added into the legal regulated rent is not correct. This practice was explicitly approved by the Court of Appeals in Bryant Ave. Tenants’ Assn. v Koch (84 NY2d at 963). Similarly, tenant’s contention that the MCI increases could not take effect during the terms of the leases is without merit. It was the clear intent of the deferral agreement, executed by tenant, and of the sixth amendment to the offering plan, that the MCI *31 increases would be added to the rent in the middle of the lease terms.
The housing court’s judgment must be modified, however, because it was based on a schedule of arrears which includes deferred and retroactive MCI increases totalling $47.14 per month for the 12 months commencing with August 1998, and $70.71 for the eight months commencing with August 1999. Because the total permanent MCI award had already been added into the rent, these increases exceed the 6% or $23.57 per month, permitted under Rent Stabilization Law § 26-511 (c) (see Bryant Ave. Tenants’ Assn. v Koch, 84 NY2d 960). Accordingly, the award is modified to allow MCI charges of only $23.57 per month for the months from August 1998 through the date of judgment.
Aronin, J.P., Golia and Rios, JJ., concur.