No. 12324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ST. JOHN'S LUTHERAN HOSPITAL, INC.,
a Montana Corporation,

Plaintiff and Appellant,

-vs-

STATE BOARD OF HEALTH OF THE STATE OF
MONTANA, JOHN S. ANDERSON, Executive
Officer of the State Department of Health,
and Montana Nurses Association, a Montana
Corporation,

Defendants and Respondents.

---

Appeal from:  District Court of the Eleventh Judicial District,
Honorable Robert S. Keller, Judge presiding.

Counsel of Record:

For Appellant:

Chadwick H. Smith argued, and Robert J. Sewell, Jr.
appeared, Helena, Montana

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Charles H. Dickman, Assistant Attorney General, argued,
Helena, Montana
Brazier, Dowling and Erickson, Helena, Montana
Leif B. Erickson argued, Helena, Montana

---

Submitted:  January 25, 1973

Decided:  FEB 2 6 1973

Filed: FEB 2 6 1973

Thomas J. Kearney
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal was brought by plaintiff St. John's Lutheran Hospital, Inc. from a judgment rendered for defendants State Board of Health of the state of Montana, John S. Anderson, Executive Officer of the State Department of Health and Montana Nurses Association, in the district court of the eleventh judicial district, county of Lincoln. The judgment affirmed the redetermination of Dr. Anderson, acting for the Board of Health, which provided that the Nurses Association is the duly designated representative of an appropriate unit of general duty registered nurses at the Hospital for collective bargaining purposes, under Title 41, Chapter 22, Revised Codes of Montana 1947.

On March 24, 1971, the Hospital petitioned the Board of Health for a redetermination of the representative, if any, designated to represent an appropriate unit of general duty registered nurses employed at the Hospital. Dr. Anderson, the Executive Officer of the State Department of Health, replied by letter dated March 26, 1971, that the request for redetermination would be granted and asked for a list of all registered professional nurses employed by the Hospital for the time period commencing April 1, 1970, through and including March 31, 1971. Simultaneously, Dr. Anderson requested of the Nurses Association a list of nurses employed by the Hospital who had assigned their bargaining rights to the Nurses Association. In response the Hospital furnished a list of general duty registered nurses so employed, showing the hours each had worked during the one year period. The Nurses Association submitted copies of the assignments of nurses who had assigned bargaining rights to it.

On April 13, 1971, Dr. Anderson notified the Nurses Association he would only consider assignments of bargaining rights dated March 31, 1971, or later.

- 2 -

From an examination of the list of nurses supplied by the Hospital, Dr. Anderson found that there were seventeen nurses entitled to be included in the bargaining unit for the period commencing April 1, 1970, and ending March 31, 1971, Dr. Anderson further determined from the bargaining assignments that nine of the seventeen nurses had assigned bargaining rights to the Nurses Association.

Leola H. Cain was one of the nine nurses who allegedly assigned her bargaining rights to the Nurses Association. The date shown on the assignment was April 2, 1971; however, upon inquiry it was determined that the actual date of signing was April 22, 1971, not April 2. Leola H. Cain had worked 808 hours during the period from April 1, 1970, through March 31, 1971, and was otherwise qualified as a member of the appropriate bargaining unit. Leola H. Cain was employed as of the date of redetermination, March 31, 1971, but left employment on April 5, 1971, which, by her own admission, was some seventeen days prior to the actual signing of the assignment of bargaining rights to the Nurses Association. She has not worked for the Hospital since April 5, 1971.

The above facts were presented to the district court in an agreed statement of facts.

Plaintiff Hospital appeals and sets forth two issues:

1. Does the Nurses Association have assignments of bargaining rights from a majority of the employees in the appropriate unit when, admittedly, one of the alleged assignments presented to the Board of Health and necessary to make up the majority of nine out of seventeen, was executed by an individual no longer an employee at the time of such execution?

2. Can an assignment given by an individual to the Nurses Association nearly four months prior to the effective date

of the redetermination be used when the Board of Health specific-
ally ruled that new assignments be submitted for a current re-
determination?

The Hospital argues the assignment made by Mrs. Cain,
erroneously dated April 2, 1971, when it should have been April
22, should not be counted nor should Mrs. Cain's original assign-
ment of December 2, 1970, have been considered by the district
court in its findings. We find no merit to this position.

The alleged errors set forth by the Hospital are of no
import to the settlement of this case. The facts are as set
forth by the court in its findings of fact and conclusions of
law and are controlling. By the Hospital's own admission, Mrs.
Cain was a general duty registered nurse employed by the Hospital
for a total of 808 hours during the year ending March 31, 1971.
Therefore, she was a member of the Nurses Association bargaining
unit. She did not terminate her employment at the Hospital until
five days after the date set by Dr. Anderson for redetermination.
Prior to that time she had assigned bargaining rights to the
Nurses Association on December 2, 1970, and there had been no
withdrawal.

Generally, the cases relied upon by the Hospital are cases
where the employee had terminated employment before the date set
for the election. Such are not the facts here.

Dr. Anderson, Executive Officer of the State Department
of Health, is charged with implementing the provisions of Chapter
22, Title 41, R.C.M. 1947, Sections 41-2201 through 41-2209,
Nurses-Employment Practices Act. Section 41-2205 is relevant
here:

> "Proof of status as a bargaining unit. An
> employee organization is considered to be the
> duly designated representative of all the
> employees in an appropriate unit for the purpose
> of section 3 [41-2203] of this act if it can

- 4 -

show evidence that bargaining rights have been assigned to it by a majority of the employees in that unit."

Dr. Anderson determined seventeen nurses were entitled to be included in the bargaining unit as of April 1, 1970 to March 31, 1971; that nine of seventeen constituted a majority, and that due to the fact Mrs. Cain had assigned her bargaining rights to the Nurses Association and was working on March 31, 1971, her assignment made a majority of nine.

These being the facts, it is obvious that Hospital failed to meet its burden of proving either that the evidence was insufficient to show Mrs. Cain had assigned her bargaining rights or that the Board had acted arbitrarily or capriciously in arriving at its finding that Mrs. Cain belonged to the Nurses Association.

This Court has long followed the policy concerning administrative regulations as it is stated in 73 C.J.S. Public Administrative Bodies and Procedure, § 202, p. 549:

> "Broadly speaking, the courts will only pass on the questions whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary."

See also: State ex rel. Bailey v. Grande, 154 Mont. 437, 465 P.2d 334; Langen v. Badlands Cooperative State Grazing Dist., 125 Mont. 302, 234 P.2d 467; Cascade County Consumers Assn. v. Public Service Comm., 144 Mont. 169, 394 P.2d 856, 380 U.S. 909, 85 S.Ct. 891, 13 L ed 2d 796.

Appellant's second issue concerns whether the December 2, 1970 assignment could apply to the March 31, 1971 redetermination date.

Trial judge Hon. Robert Keller, having found Mrs. Cain working on the redetermination date resolved this issue in the following memorandum, with which we concur:

- 5 -

"MEMO: The problem with this case is that it was submitted to the Court on an agreed statement of facts, and the briefs were concerned with all of the inferences and motives of the parties, or their agents. They might have been a proper subject of inquiry with a witness on the stand, but I cannot read between the lines. The plaintiff asked for a re-determination of the bargaining representative on March 24, 1971, and the defendant board acted with dispatch. The period of time was fixed as of March 31, 1971, and the year prior thereto. At that time, the plaintiff certified that there were 17 employees eligible to vote, and at that time the Montana Nurses Association had assignments from nine of them. That really should have been the end of the matter, right then. In an over-exercise of caution, the Board asked that the assignment of bargain rights to the Montana Nurses Association be executed anew. There was no need for this, for the Association already had executed assignments, with no revocations. All that the assignments did, after March 31, 1971, was to reaffirm that there had been no revocation of assignment of rights.

"Somewhere, there has to be a cutoff point, and as of March 31, there were 17 employees, and nine of whom had executed assignments. The Board should not have asked for a new assignment, and was fortunate that the assignments that were executed again were consistent with the original assignments, i.e., supposing one of the nine had revoked her assignment, executed before March 31, 1971, and revoked after March 31, 1971?"

The judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices

- 6 -