No. 12677

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

JOANN ARMSTRONG and R. V. BOTTOMLY,

        Plaintiffs and Respondents,

-vs-

HIGH CREST OILS, INC., a corporation,

        Defendant and Appellant.

---

Appeal from: District Court of the Twelfth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Crowley, Kilbourne, Haughey, Hanson and Gallagher,
        Billings, Montana
        Cale Crowley argued, Billings, Montana

    For Respondents:

        Hoyt and Bottomly, Great Falls, Montana
        John C. Hoyt argued, Great Falls, Montana

---

            Submitted: February 26, 1974

            Decided: APR -3 1974

Filed: APR -2 1974

*Thomas J. Kearney*
                      Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from an order of the district court of Hill County granting plaintiffs' motion to alter or amend the court's previous order granting summary judgment for defendant. From this special order after judgment, defendant appeals.

Respondents, JoAnn Armstrong and R. V. Bottomly, are successors in interest to Lewis H. Armstrong as lessor in an oil and gas lease wherein appellant, High Crest Oils, Inc., is lessee.

On November 24, 1972, pursuant to Montana's Oil and Gas Conservation Act, appellant applied for an order creating the Bullhook Gas Unit in Hill County, Montana. The lands described in the Armstrong lease were included in said unit area. The Commission conducted a public hearing on December 14, 1972. John Hoyt, representing the respondent royalty owners, announced his presence at the hearing as a protestant to the proposed pooling unit. Subsequent to the hearing the Commission rendered its report, made findings of fact, conclusions of law, and issued its order creating the Bullhook Gas Unit effective as of the date of the hearing. On December 21, 1972, respondent Armstrong filed a petition for rehearing with the Commission. Said petition was denied by the Commission on January 29, 1973.

On May 14, 1973, pursuant to section 60-135, R.C.M. 1947, respondent Armstrong filed a complaint in the district court of Lewis and Clark County for a judicial review of the order of the Montana Board of Oil and Gas Conservation Commission creating the Bullhook Gas Unit. Subsequently, on June 4, 1973, an amended complaint was filed by both respondents as parties in the action.

On May 16, 1973, respondents filed the instant action in the district court of Hill County against appellant lessee. Respondents requested a decree cancelling the Armstrong lease and declaring that appellants had no claim of any kind upon the property

- 2 -

covered by the subject oil and gas lease and for an accounting of all gas produced and sold from the subject land located in Hill County, Montana.

Paragraphs IV and V of the Hill County complaint set forth the essence of respondents' contentions:

"IV

"That by the terms of the lease set forth and marked as Exhibit 'A' executed by the predecessor in interest of plaintiffs and assigned by the lessee therein to defendant herein the lessee is granted the right and power to pool and combine the acreage covered by said lease with other land, lease or leases in the vicinity thereof at any time, when in lessee's judgment it is necessary or advisable to do so for the prevention of waste and the conservation and greatest ultimate recovery of oil or gas. Such pooling to be in a unit or units not exceeding in area the acreage prescribed or required in any federal or state law order, rule or regulation....and the royalties shall accrue and be paid to lessor on pooled substances produced from any unit in the proportion, but only in the proportion, that lessor's acreage interest in the land covered hereby and placed in the unit bears to the total acreage in the land placed in such unit.

"V

"That over the objections and protestations of plaintiffs defendant made application to the Montana Oil & Gas Conservation Commission for the creation of a pooling unit which included plaintiffs land known as the Bull Hook Gas Unit and through a high powered, hasty presentation induced the Commission to create such unit even though the gas unit requested by defendant violated the express terms of its oil and gas lease with plaintiffs by providing that royalties thereafter accruing to plaintiffs should be paid to them as lessors not in the proportion that lessors acreage in the land placed in the gas unit bears to the total acreage of the land placed in such unit but on the contrary defendant placed thousands of acres of unproductive land in said gas unit and has and is converting plaintiffs share of the gas produced to itself and other persons all in an unlawful and fraudulent manner under the guise of a 'gas in place' formula directly contrary to the express terms and conditions of the attached Oil and Gas Lease as set forth in paragraph IV above."

The order of Montana's Oil and Gas Conservation Commission creating the Bull Hook Gas Unit and the complaints for judicial review of this order filed in Lewis and Clark County pursuant

- 3 -

to section 60-135, R.C.M. 1947, are included in the Hill County court record.

On August 22, 1973, appellant filed a motion for summary judgment in the Hill County action. This motion was argued before the district court. One month after the hearing on the motion the court granted the summary judgment. Said order of summary judgment was filed on November 15, 1973.

After the order for summary judgment was entered the following actions transpired:

November 16, 1973, respondents' motion to alter or amend the judgment was served on the appellant together with supporting brief.

November 19, 1973, notice of entry of summary judgment was mailed by appellant to respondent.

November 28, 1973, appellant's brief in opposition to the motion to alter or amend judgment was served by mail.

December 3, 1973, the district court issued its order granting respondents' motion and revoking the court's previous order granting appellant's summary judgment. This special order after judgment was filed December 10, 1973.

No notice calling the motion to alter or amend judgment up for hearing was ever served or filed; no order setting the motion for hearing was ever made, served or filed; no order continuing the date for hearing the motion was ever made; no hearing on the motion was ever held. Eighteen days after summary judgment was filed the district court granted the motion to alter or amend judgment. From this special order after judgment, this appeal arises.

Two issues are presented for review:

(1) Should the summary judgment granted to appellant by the district court be reinstated?

- 4 -

(2) Is the order granting respondents' motion to alter or amend judgment null and void for failure of the district court to hold a hearing within ten days after said motion is served as required by Rule 59, M.R.Civ.P?

On the first issue respondents' argue that the hearing in the district court of Lewis and Clark County to review the findings and conclusions of the Oil and Gas Commission will not determine the question of whether there has been a violation of the terms of the oil and gas lease which is the subject matter of the instant action. Respondents contend that the suit against the Oil and Gas Commission has nothing to do with whether or not the lease between Armstrong and High Crest has been violated so as to cause a forfeiture of the leasehold interest in that lease by High Crest.

We agree with respondents' argument that the cancellation of the oil and gas lease may be a separate issue upon which another court may have jurisdiction. In the case before us, however, we cannot subscribe to respondents' distinction of the issues before the two courts. Their arguments present a distinction without a difference. The reasons advanced before the Hill County district court for the alleged breach of lease are the alleged illegalities in applying for, and the wrongful creation of, the Bull Hook Gas Unit, coupled with the alleged wrongful act of including the lease of respondents within the Bull Hook Gas Unit. These are the same reasons given to the Lewis and Clark County district court for reversal of the order creating the unit, and the same factual arguments in the brief of respondents in this case are also the same presented to the Lewis and Clark County district court.

The respondents' arguments here are predicated upon the invalidity of the Commission's order. The court having jurisdiction

- 5 -

over that question is the district court in Lewis and Clark County where the challenge to the Commission's order was first filed. Any consideration by the Hill County district court of these same reasons, arguments and facts is a collateral attack upon that judicial review provided in section 60-135, R.C.M. 1947.

Oil and gas conservation laws and the rules, regulations, and orders promulgated thereunder, have the effect of modifying the provisions of existing leases in many respects. This statutory and administrative action is an exercise of the police power, and the fact that in some instances the lease may have been procured prior to the legislative or administrative pronunciation is immaterial. Sullivan, Handbook of Oil and Gas Law, p. 431. In the present case the terms and provisions of the Oil and Gas Conservation Act are in fact incorporated in the lease to provide pooling of the land in question in accordance with any federal or state law, order, rule or regulation.

Respondent's predicate their argument on violation of that provision of the lease which grants to lessee the right to pool said leased lands with other land in the vicinity subject to certain limitations. This provision of the lease, however, is related to one-well pooling as contemplated by section 60-130, R.C.M. 1947. It is entirely different from the unitization of all leases and all wells in an entire reservoir such as the Bull Hook Gas Unit provided in the Board order pursuant to section 60-131.1, R.C.M. 1947.

The difference between one-well pooling authorized under section 60-130, R.C.M. 1947 and in respondents' lease, and the unitization of an entire reservoir under section 60-131.1, R.C.M. 1947, is illustrated in the following language in Sullivan's Handbook of Oil and Gas Law, at p. 308:

> "Under a system of minimum acreage spacing or specified drilling units the small tract that cannot meet the requirements of the spacing

rule is denied a well.  In order to prevent confiscation of the recoverable oil beneath such tracts and to give each owner the opportunity to produce his fair share thereof, spacing statutes and regulations provide for pooling. <u>Pooling</u> is the uniting of separately owned, small, or irregularly shaped tracts for the purpose of integrating the minimum acreage neces- sary for a drilling unit.  <u>It is to be distinguished from unitization or unit operations, which is the consolidation of all interests in an entire pool, or a large part thereof, for the purpose of operat- ing the reservoir as a single producing mechanism.</u>" (Emphasis added.)

Application by the appellant to the Montana Oil and Gas Conservation Commission for the unitization of a reservoir under section 60-131.1, R.C.M. 1947, does not constitute a breach of the one-well pooling provision in the lease.  Such unitization of an extensive reservoir containing multi-leased lands, multi-producing wells, multi-pools, and multi-spacing or drilling units is different from the lease provision relating to pooling.

The presumption in this state is that compliance with the Commission's order constitutes fulfillment of lease or contract obligations.  Section 60-131.8, R.C.M. 1947, provides in part:

" * * * Operations conducted pursuant to an order of the commission providing for unit operations shall constitute a fulfillment of all the express or implied obligations of each lease or contract covering lands in the unit area to the extent that such obligations cannot be performed because of the order of the commission."

Section 60-131.3, R.C.M. 1947, sets forth the terms, con- ditions, and requirements of the commission order.  Subsection (1) and (3) provide that the commission order shall include:

"(1) A description of the pool or pools or parts thereof to be so operated, termed the unit area, but only so much of a pool as has reasonably been defined and determined by drilling operations to be productive of oil or gas may be included with- in the unit area.

"(3) A plan for allocating to each tract/the unit area its fair share of the oil and gas produced from the unit area and not required or consumed in the conduct of the operation of the unit area or

- 7 -

> unavoidably lost. No such plan shall be approved
> by the commission until the commission has con-
> sidered the relative value that such share of
> production bears to the relative value of all
> of the separately owned tracts in the unit area,
> exclusive of physical equipment utilized in unit
> operations. In so considering such relative value,
> the commission shall weigh the economic value of the
> gas to all persons affected as compared to the
> economic value of the oil to all persons affected."

The Commission's order determining "productive" lands and the allocation of oil and gas as provided in subsections (1) and (3) respecting respondents' lands within the unit area is the crux of the argument in both actions. To permit respondents to bring this second action would permit them to circumvent the statutes. The order of the Commission to create the Bull Hook Gas Unit is res judicata except in the appropriate district court in Montana on judicial review as provided in section 60-135, R.C.M. 1947. See St. John's Lutheran Hosp., Inc. v. State Bd. of Health, 161 Mont. 406, 506 P.2d 1378, 30 St.Rep. 249; Polson v. Public Service Commission, 155 Mont. 464, 473 P.2d 508.

On May 14, 1973, respondents properly filed a complaint in the district court in Lewis and Clark County for a review of the Commission's order. The second action filed two days later in Hill County involves the same subject matter, the same lessor, the same lease, and the same land. It is nothing more than a collateral attack precluded by the first action filed in Lewis and Clark County.

With respect to the second issue we agree with appellant that there was a failure on the part of both the respondents and district court to comply with the time limitations of Rule 59, M.R.Civ.P. Rule 59(f) entitled "Motion to Alter or Amend a Judgment", provides in part:

> " * * * This motion shall be heard and determined
> within the time provided hereinabove with respect
> to a motion for a new trial."

With respect to the time for hearing on a motion for a new trial, Rule 59(d) provides:

- 8 -

"Hearing on the motion shall be had within 10
days after it has been served * * * except that
at any time after the notice of hearing on the
motion has been served the court may issue an
order continuing the hearing for not to exceed
30 days * * *.

"If the motion is not noticed up for hearing and
no hearing is held thereon, it shall be deemed
denied as of the expiration of the period of
time within which hearing is required to be held
under this Rule 59."

The time and procedural limitations for motions subsequent to judgment set out in Rule 59, M.R.Civ.P., are mandatory. Seibel v. Yurick, 136 Mont. 39, 344 P.2d 129. In recent decisions by this Court, Cain v. Harrington, 161 Mont. 401, 506 P.2d 1375, 30 St.Rep. 245; and Leitheiser v. Montana State Prison, 161 Mont. 343, 505 P.2d 1203, 30 St.Rep. 183, we have reiterated the need to make final the judgments of the district court subject to appeal that would not unnecessarily lengthen litigation. In Cain and Leitheiser we strictly applied Rule 59, M.R.Civ.P., in order to put to an end the litigation of those actions.

We see no reason in this case to prolong the action and add the expense of a second appeal. Thus we have answered both issues before this Court.

For the reasons set forth above, the order granting summary judgment on November 14, 1973, is reinstated, and the purported order of December 3, 1973, altering and denying the prior summary judgment, is reversed.

_____
                                  Justice

We concur:

_____
    Chief Justice

_____

_____

_____
    Justices

- 9 -