No. 80-239

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN THE MATTER OF THE ESTATE OF
FRANCIS A. GORDON, a/k/a
FRANCIS GORDON, a protected person.

---

Appeal from:   District Court of the Fifth Judicial District,
               In and for the County of Beaverhead, The Honorable
               Frank Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Hooks and Budewitz, Townsend, Montana

    For Respondent:

        Richard J. Llewellyn, Helena, Montana
        W. G. Gilbert, III, Dillon, Montana

---

Submitted on Briefs:   March 25, 1981

Decided:   **JUN  4 1981**

Filed: **JUN  4 1981**

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This case involves appeals by all parties involved in these proceedings. Albert and Emily Gordon, parents of Francis Gordon and one time conservators of his estate, appeal from a finding and order of contempt entered by the Beaverhead County District Court (Gordon appeal). An attorney, W. G. Gilbert III, acting in behalf of Francis Gordon, appeals the court's order of a new trial to redetermine the amount of attorney fees due from his representation of Francis Gordon (Gilbert appeal). A third appeal has been filed by Richard Llewellyn, the current conservator of Francis Gordon's estate. This appeal is explained in the conservator's brief as being brought in opposition to the order for a new trial regarding Gilbert's attorney fees and in support of the court's contempt order.

In 1976 Albert and Emily Gordon were appointed by the District Court to act as conservators of the estate of their son, Francis Gordon. In March 1978 Francis Gordon petitioned the District Court and demanded that Albert and Emily, as conservators, file a sworn accounting showing all receipts and disbursements of the conservatorship. Albert and Emily failed to appear at the hearing on the petition whereupon the court ordered the accounting be filed within ten days and that the conservators appear before the court and show cause why they should not be removed from their position.

A show cause hearing was held on July 25, 1978. Subsequently, the District Court, on September 26, 1978, entered findings of fact, conclusions of law and an order removing Albert and Emily as conservators. The court

further ordered the Gordons to file a full, complete and accurate accounting of all monies received during their conservatorship; to pay the clerk of the court (interim conservator) within ten days certain sums of money improperly withheld from or charged to Francis Gordon; and to pay attorney fees to W. G. Gilbert III, attorney for Francis Gordon. The amount of attorney fees were to be determined at a later hearing.

On December 18, 1978, Gilbert filed two claims against the estate of Francis Gordon for legal services rendered and expenses incurred in the representation of Francis Gordon. These claims totaled $4,721.17. Failing to have the claims satisfied within sixty days, Gilbert filed a motion on June 18, 1979, to compel payment by the newly appointed temporary conservator, Irene Newlon. Hearing on the motion was scheduled for July 10, 1979, and the court directed that notice of the hearing be given to Albert and Emily Gordon. A copy of the motion to compel and order directing notice to be given were duly served on June 19, 1979.

At the scheduled hearing, Gilbert appeared personally and Irene Newlon's attorney appeared on her behalf. Neither the Gordons nor their attorney made an appearance. The parties present at the hearing did not question or contest the claim for attorney fees. As a result, the District Court entered an order on July 17, 1979, approving Gilbert's claim and directing the conservator to obtain the monies for payment from Albert and Emily Gordon in accordance with its order of September 26, 1978. A notice of entry of judgment was prepared, signed and filed by Gilbert. On July 25,

1979, the clerk of the court served by mail the notice and a copy of the order on all parties, including Albert and Emily Gordon.

Richard Llewellyn was appointed special conservator of the estate of Francis Gordon in September 1979. In early January 1980, he filed a petition requesting that Albert and Emily Gordon be held in contempt of court for their alleged failure to comply with the District Court's order of September 26, 1978. An order to show cause was duly issued to the Gordons and their current attorney of record. In response to the petition, the Gordons, on January 31, 1980, filed a motion to quash the order to show cause. At the same time, they filed a motion for a new trial with respect to the District Court's order of July 17, 1979, wherein the court upheld Gilbert's claim for $4,721.17 in attorney fees.

A hearing on the motions was held on February 26, 1980. On March 13, 1980, the District Court granted the Gordons' motion for a new trial and entered an order setting aside the award of attorney fees to Gilbert. The court stated the award was to be vacated because the judgment was rendered under a "mistake of fact, inadvertence and excusable neglect in the absence of said former conservators [Albert and Emily Gordon] . . . and because of a frail notice to them scarcely advising them of anything to be heard except 'payment of bills.'"

On April 8, 1980, the trial judge held the Gordons in contempt of court for failing to comply with its September 26, 1978, order. The court further directed the Gordons to pay $6,858.90 to the clerk of the court in accordance with the September 1978 order. From these orders, Gilbert,

Llewellyn and the Gordons appeal.

Concerning the "Gilbert" appeal, the sole issue raised is whether the District Court erred in granting the motion for a new trial. In this regard, Gilbert contends the court was in error because the Gordons, in bringing the motion for new trial, failed to comply with the following requirements of Rule 59(b), M.R.Civ.P.:

> "Time for motion. A motion for a new trial shall be served not later than 10 days after service of notice of the entry of the judgment."

Here, the notice of entry of judgment, although prepared and signed by Gilbert, was served on the Gordons by the clerk of the court on July 25, 1979. The motion for a new trial, however, was not filed or served on opposing counsel until January 1980, some six months later. Certainly, this period is far in excess of the rule limitation of ten days.

The Gordons contend their motion was timely filed. In support of this contention, they argue that since Gilbert prepared, signed and gave the notice of entry of judgment to the clerk for service, the notice is deficient and cannot serve to start the limitation period contained in Rule 59, M.R.Civ.P. We must disagree.

There is no requirement in the Montana Rules of Civil Procedure that the notice of entry of judgment be signed by the clerk of the court or that the notice be prepared and given to the clerk by the "prevailing party" as asserted by the Gordons in their brief. The only requirement is that upon entry of the order or judgment by the court, the clerk shall serve by mail notice of the entry upon each party to the proceeding and shall make note in the docket of the

-5-

mailing. See Rule 77(d), M.R.Civ.P. This requirement was satisfied, and we find no deficiencies in the notice received by the Gordons.

This Court has strictly enforced the time limitations set forth in Rule 59, M.R.Civ.P. See Pierce Packing Company v. District Court of the Thirteenth Judicial District (1978), 177 Mont. 50, 579 P.2d 760; Kelly v. ~~Snell~~ Sell & ~~Snell~~ Sell Paint Contractors (1978), 175 Mont. 440, 574 P.2d 1002; Armstrong v. High Crest Oil, Inc. (1974), 164 Mont. 187, 520 P.2d 1081. We will not disregard those requirements and must now find that the District Court erred in granting the Gordons' motion and ordering a new trial.

In regard to the Gordon appeal, we note that it is solely the result of the April 1980 judgment finding the Gordons in contempt for failing to abide by the directives of a court order entered on September 26, 1978. In defense of the contempt charge, Albert and Emily Gordon contend that certain findings and conclusions of the District Court made in conjunction with the prior court order are not supported by substantial credible evidence. The Gordons further assert that during the hearing on the contempt petition, the District Court failed to consider various agreements which purported to release all rights, claims and causes of action Francis Gordon had against them. The Gordons then conclude that the contempt order should not have issued and this Court should now modify that order and the September 26, 1978, order so as to be in accordance with the submitted record.

We acknowledge the Gordons' contentions but conclude that they have been improperly presented on appeal. Section

3-1-523, MCA, is pertinent in this regard and specifically provides:

> "Judgment and orders in contempt cases final. The judgment and orders of the court or judge made in cases of contempt are final and conclusive. There is no appeal, but the actions of a district court or judge can be reviewed on a writ of certiorari by the supreme court or a judge thereof and the action of a justice of the peace or other court of limited jurisdiction by the district court or judge of the county in which such justice or judge of such court of limited jurisdiction resides."

If the Gordons wish this Court to consider the propriety of the District Court's action regarding the contempt proceedings and to review any underlying supportive findings, conclusions or orders, it will be necessary to file an appropriate writ of review.

For the reasons stated herein the Gordon appeal, challenging the District Court's order of contempt, is dismissed. Furthermore, the order granting the Gordons a new trial is vacated, and the judgment entered on July 17, 1979, approving Gilbert's claim for attorney fees is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-