No. 82-42

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

INTERMOUNTAIN TELEPHONE AND
POWER COMPANY,

                    Plaintiff/Applicant and Appellant,

    vs.

MID-RIVERS TELEPHONE COOPERATIVE, INC.,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone
               Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

        Peterson, Schofield & Leckie, Billings, Montana
        Kenneth D. Peterson argued, Billings, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
         Montana
        T. G. Spear argued, Billings, Montana

---

                    Submitted:  September 10, 1982

                      Decided:  December 16, 1982

Filed:  DEC 16 1982

*Thomas J. Kearney* Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Intermountain Telephone and Power Company (Intermountain) appeals from an order and judgment of the District Court, Thirteenth Judicial District Court, Yellowstone County, dismissing its complaint for a permanent injunction against Mid-Rivers Telephone Cooperative, Inc. (Mid-Rivers).

After Intermountain had appealed from the order aforesaid Intermountain moved in the District Court, under Rule 62(c), M.R.Civ.P. and Rule 7, M.R.App.Civ.P., for an injunction against Mid-Rivers pending the appeal. This motion was denied by the District Court. Intermountain also appeals from a denial of its Rule 62(c) motion for injunction.

The District Court case number which is assigned to the cause here under appeal is DV 81-1996. Earlier the same District Court, but a different district judge, had before it District Court case no. DV 80-2414, entitled "Intermountain Telephone and Power Company, Petitioner, versus Department of Public Service Regulation, Montana Public Service Commission, Respondents." The District Court held against Intermountain in that case, and it became the subject of an appeal to this Court. Our opinion in that case sustaining the position of the District Court, and against Intermountain, was handed down October 7, 1982, as our cause no. 81-512 reported in 651 P.2d 1015, 39 St.Rep. 1962, et seq.

The pertinent facts in this appeal are somewhat parallel to those stated in the other appeal, where the Department of Public Service Regulation was the respondent. We will hereafter restate some of those facts and such additional facts as may aid the reader in following this decision.

First, however, the issues raised in this case are essentially two-fold:

1.  Was this action, where Intermountain is seeking a permanent injunction against Mid-Rivers, a collateral attack against the judgment adverse to Intermountain which had been handed down in the case involving the Department of Public Service Regulation?

2.  Should the District Court in this case have allowed the Rule 62(c) motion and issued the requested injunction pending the appeal of the other cause?

Intermountain provided telephone service to consumers in the Custer-Yellowstone County, Montana area. After a number of complaints over a period of years, the Public Service Commission (the PSC) following a hearing determined that Intermountain was not providing "reasonably adequate service" to its customers. PSC concluded in its order that because of the difficulties it had with Intermountain over the past three years, it could not depend upon Intermountain to provide adequate telephone service to the people of the Custer area and by its order invited other private telephone companies to come in to Intermountain's service area, and indicated that a cooperative telephone system, though not subject to regulation by the PSC would also be welcome.

Following the PSC order, Mid-Rivers, a co-operative, moved into the area, then being served by Intermountain, and began the construction of telephone lines and equipment to serve customers there.

Intermountain appealed from the PSC order to the District Court in Yellowstone County. There the PSC order was affirmed. Appeal was taken to this Court from that ruling of the District Court, and that became the subject of the appeal which we handed down on October 7, 1982, as above reported.

While the appeal from the PSC order was pending, Intermountain filed this action in the Yellowstone County

-3-

District Court, on September 30, 1981, seeking a permanent injunction to be issued against Mid-Rivers, alleging that the telephone cooperative was duplicating the lines, facilities, and systems of Intermountain, and that such actions were unlawful because, as Intermountain alleged, Intermountain was providing "reasonably adequate service" to the area.

Mid-Rivers moved in the District Court to dismiss the complaint for a permanent injunction upon the grounds mainly that the new action was a collateral attack upon a judgment of the same issue which had been entered in the same District Court through another presiding district judge.

On November 17, 1981, the District Court dismissed Intermountain's action for a permanent injunction against Mid-Rivers. In a memorandum explaining its action, the District Court determined that the issue in the case was whether Intermountain was providing "reasonably adequate service" to the area. It held that the specific issue had previously been decided by the PSC, affirmed by the District Court on review, and that by its new action, Intermountain was attempting to relitigate the central issue, thus mounting a collateral attack upon the prior proceeding.

INTERMOUNTAIN'S ACTION IN THIS CASE IS A COLLATERAL ATTACK

Courts will reject a collateral attack in "every proceeding in which the integrity of a judgment is challenged, except those made in the action where the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void ab initio." Phillips v. Loberg (1980), ___ Mont. ___, 607 P.2d 561, 563, 564, 37 St.Rep. 401, 404.

As to collateral attack, this case is controlled by our holding in Armstrong v. High Crest Oils, Inc. (1974), 164

Mont. 187, 195, 520 P.2d 1081, 1086. There the landowners had brought an action to cancel oil and gas leases to High Crest upon the grounds that High Crest had breached the leases in applying for the wrongful creation of a gas field unit, coupled with the alleged wrongful act of including the landowner's leases within the unit. Earlier, however, the landowners had filed a petition for review, in another district court, of the order of the Montana Oil and Gas Commission creating the gas unit, alleging the same grounds for setting aside the order of the commission. This Court held that the order of the commission "to create the . . . gas unit is res judicata except in the appropriate District Court in Montana on judicial review as provided in [the appeal provisions of our statutes] . . ." 164 Mont. at 195, 520 P.2d at 1086.

Armstrong involved the same parties and the same leases. Here Mid-Rivers was not a party to the PSC action which was under judicial review at the time this action was filed. It makes no difference in this case that identical parties are not involved in the two actions. The central issue in each case is whether Intermountain was providing "reasonably adequate service." Mid-Rivers, as a telephone cooperative, is prohibited from duplicating lines and facilities, of the systems of others, if the others are providing "reasonably adequate service." Section 35-18-106(13)(a), MCA. The central issue to be litigated here was whether Intermountain was providing "reasonably adequate service." That had been decided adversely to Intermountain in the case involving the PSC. That decision was under judicial review when this case was filed. Intermountain's action in this case was a collateral attack seeking to relitigate the central issue decided in the case involving the PSC.

-5-

Nor does it make any difference here that Intermountain, as it claims, may have improved its system following the date of the PSC order against it. The correct procedure for Intermountain to follow was not to file a collateral action, but to seek to have the District Court review the PSC order pursuant to section 2-4-703, MCA, in an attempt to have the order modified or rescinded. Jurisdiction of that issue lay with the courts involved with the review of the PSC order.

There is no need to discuss the other reasons advanced by Mid-Rivers in support of the District Court dismissal. It is abundantly evident that the action against Mid-Rivers was a collateral attack on a prior administrative decision which was under judicial review and the District Court properly dismissed the collateral attack.

THE DISTRICT COURT CORRECTLY DENIED THE RULE 62 MOTION

After the judgment of dismissal was entered against it, Intermountain moved in this cause for an injunction during the pendency of the appeal, pursuant to Rule 62(c), M.R.Civ.P. In short, that rule provides that whenever an appeal is taken from a final judgment denying an injunction, the District Court in its discretion may grant an injunction during the pendency of the appeal upon such terms as it may consider necessary.

This phase of the cause presents an unusual turn: The district judge in the PSC case, after affirming the order of the PSC, granted a stay of its judgment while Intermountain appealed. While that stay of judgment was in effect, Mid-Rivers moved into the Custer area and began supplying telephone equipment and service to customers in that area. Intermountain brought this separate action to procure a permanent injunction against Mid-Rivers but was dismissed in the same District

-6-

Court, but by a different presiding judge. After entering the order of dismissal, in the new action, the District Court refused to grant an injunction pending appeal under Rule 62(c). Intermountain argues that to be consistent, the District Court in the new case should have granted the Rule 62 injunction, which would have the same effect as the stay of judgment in the prior case.

Be that as it may, Intermountain laid no evidentiary or other basis in this record for a Rule 62(c) injunction. At the time that Intermountain noticed up its motion for such an injunction for hearing, Intermountain came to the hearing unprepared to present facts to the District Court upon which to predicate the issuance of such an injunction. Mid-Rivers, on the other hand, had many witnesses, including consumers in the Custer area, ready to testify that the service being provided to them by Intermountain was not "reasonably adequate." Intermountain's counsel informed the District Court that it was not prepared to present evidence at the hearing. On the other hand, counsel for Mid-Rivers pointed out to the court that it was ready to proceed with its witnesses, and asked for permission to proceed. The following colloquy then occurred:

> "THE COURT: The court will allow you to proceed Mr. Spear.
>
> "MR. PETERSON: Excuse me Your Honor, I would just prefer the court would deny the motion and I will take it to the Supreme Court.
>
> "THE COURT: Very well. The court hereby denies the plaintiff's motion to enter its order pursuant to Montana Rules of Civil Procedure, Rule 62(c), granting an injunction against the defendant for the purpose of maintaining the status quo in the Custer area during the pendency of the appeal."

It is clear from that state of the record that Intermountain has no grounds upon which to appeal from the denial of the Rule 62(c) motion.

The orders of the District Court are affirmed in all respects.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea deems himself disqualified and does not participate in this decision.