No. 83-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
DEAN ERVIN KEIRLE,

Petitioner and Respondent,

and

JEANETTE KALINA KEIRLE, now known
as JEANETTE KALINA ANDERSON,

Respondent and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Fallon,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Denzil R. Young, Baker, Montana
Richard B. Baer, Bismarck, North Dakota

For Respondent:

Gene Huntley & Ira Eakin, Baker, Montana

Submitted on Briefs:  March 15, 1984

Decided:  May 29, 1984

Filed: MAY 29 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Jeanette Kalina Keirle appeals from a dismissal of her motion for modification of a divorce decree by the District Court for the Sixteenth Judicial District, Fallon County.

Dean and Jeanette Keirle were married and divorced twice, the second dissolution effective November 27, 1978. Prior to this second dissolution, the parties signed written stipulations as to child custody and support, property division and maintenance. According to the stipulations, Jeanette was to live in the family home, located in Baker, until sometime in 1979. She was entitled to an undivided one-half interest in the residence, which was eventually to be sold, and was entitled to take with her when she moved certain items of personal property. The stipulations were incorporated into the November 27, 1978 dissolution decree.

On April 14, 1983, Jeanette filed a motion to amend and/or clarify judgment and property division and to increase child support. She requested that the decree be amended to allow a cash payment in lieu of the household items she was entitled to, claiming Dean refused to allow her possession of them. She also requested that the value of the home be determined and divided between the parties and that the child support payments be increased. On June 28, 1983, a hearing was held on the motion. In response to Dean's assertion that the time limits cited in Rules 59 and 60, M.R.Civ.P., had expired, Jeanette moved to amend her motion to reflect that it was brought under sections 40-4-201, 40-4-204, and 40-4-208, MCA. Her motion was granted.

The District Court heard argument on the issue of whether the dissolution decree should be modified. According to stipulation of the parties, the child support payments were increased. The District Court ruled that the time allowed for appeal of the dissolution decree had passed and that it did not have jurisdiction to modify the property division. A judgment increasing the child support payments according to the stipulation and dismissing the remainder of Jeanette's motion was entered October 31, 1983.

We are faced with the issue of whether the District Court properly dismissed Jeanette's motion to amend the dissolution decree. Jeanette contends that the dismissal was improper according to law and that the District Court erred procedurally by not entering a judgment with findings of fact or which properly reflected its rulings at the June 28, 1983 hearing.

Rule 59(g), M.R.Civ.P., provides that a "motion to alter or amend the judgment shall be served not later than 10 days after the service of the notice of the entry of the judgment . . . ." Rule 60(b), M.R.Civ.P. provides that a motion to relieve a party from a judgment must be made within "a reasonable time" and in some cases not more than 60 days after the judgment or notice of entry of the judgment. Jeanette did not satisfy the requirements for either of these motions and was therefore properly precluded from making them. Armstrong v. High Crest Oil, Inc. (1974), 164 Mont. 187, 520 P.2d 1081.

To have a property division modified otherwise a party must comply with section 40-4-208, MCA, which provides:

"(3) The provisions as to property disposition may not be revoked or modified by a court, except:

(a) upon written consent of the parties; or (b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."

In finding no existence of conditions that would justify reopening the judgment in this case, the District Court was not required to enter findings of fact. Rule 52(a), M.R.Civ.P.

In this case the appellant has not claimed the existence of unconscionability, fraud, or any other inequitable situation which would give a court a legal basis upon which to reopen the judgment. She is attempting to enforce the judgment which incorporated the parties' stipulations as to the property division by making a motion to modify. She is precluded by statutory time limits and by the fact that she has no legal basis to compel a court to reopen the judgment. In Hadford v. Hadford (Mont. 1981), 633 P.2d 1181, 1184, 38 St.Rep. 1308, 1312, this Court noted:

"By section 40-4-201(2), MCA, district courts must abide by the terms of a property settlement agreement unless its terms are unconscionable. This statute has a dual purpose. First, it expresses a clear policy encouraging property settlement agreements. Obviously, a property settlement agreement would be useless if the courts were free to set them aside whenever the mood struck. Under the statute, the property settlement decree must be approved unless the District Court finds it to be unconscionable.

"The second purpose has the goal of finality. A property settlement agreement would also be useless if the courts were free to set them aside at any time simply on the motion and allegation of one of the parties that the property settlement agreement merged with the decree is unconscionable.. . ."

The judgment of the District Court is affirmed.

_____
                Justice

- 4 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices