No. 86-98

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

WESTMONT TRACTOR CO., a corporation,

        Plaintiff and Respondent,

    -vs-

RONALD LEIGHTY,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Sverdrup & Spencer; Scott B. Spencer, Libby, Montana

    For Respondent:

        Murray, Kaufman, Vidal & Gordon; Daniel W. Hileman,
Kalispell, Montana

---

Submitted on Briefs: May 9, 1986

Decided: July 22, 1986

Filed: JUL 22 1986

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Ronald Leighty appeals from an opinion and deficiency judgment against him of $8,146.53 entered by the District Court of the Nineteenth Judicial District, Lincoln County. We affirm.

There is one issue on appeal. Did the District Court err in allowing a deficiency judgment?

Westmont Tractor Co. sued Ron Leighty for a deficiency of $39,537.82. That deficiency arose out of a transaction in which Leighty, a logger, purchased three pieces of logging equipment. In September 1974, he purchased two Model 21 A Tree Farmers. They had substantially similar serial numbers: SN SFL205 and SN 6FE204. They will be referred to as 205 and 204. In 1977, Leighty purchased a Model 30 Tree Farmer. The obligations were combined into a single note.

The Model 30 never worked properly. Numerous attempts to fix it failed. Leighty lost a great deal of time and money in attempting to repair it, and could not make payments on the note. Leighty attempted to return the Model 30 to Westmont, but Westmont refused to accept it. Finally, in the spring of 1978 Leighty returned the Model 30 and the Model 21 A # 204 to Westmont. Westmont agreed to sell the machines and credit the sale price to Leighty's account, but told Leighty he would be liable for any deficiency. These machines were sold at private sale. The Model 30 was sold for $7,500 leaving a deficiency of $17,000.00. The Model 21 A #204 was sold for $9,000.00 leaving a deficiency of $8,146.53.

In September, 1980 Westmont repossessed the remaining Model 21 A #205. Westmont sold the #205 at public auction to itself for $7,500.00 leaving a deficiency of approximately $14,500.00.

In 1983, Westmont sued Leighty for $39,537.82. The District Court held that Westmont sold the Model 30 with knowledge that it would be used for logging in rugged terrain, and that Westmont knew or should have known it was unfit for that purpose. Therefore the District Court denied the deficiency judgment on the Model 30. The District Court held the private sale of the Model 21 A #204 was properly conducted. It entered a deficiency judgment against Leighty for $8,146.53 on the transaction.

As to the public sale of the Model 21 A #205, the District Court found numerous problems. The notice of public sale sent to Leighty stated the sale would be July 30, 1980. The sale was held August 27, 1980. A newspaper advertisement in the Missoulian on August 24 listed the sale as August 27 but referred to Model # 204. All the notices sent to Leighty refer to 204, while the accounting for the same sale lists 205 as the serial number. Prior to the sale, Leighty was billed for over $4,700.00 in repairs. No showing of reasonableness of repairs was made. Due to these problems, the District Court refused to grant a deficiency of judgment against Leighty on the Model 21 A #205.

Westmont contends this appeal should be dismissed for failure to file an undertaking for costs on appeal as stated in Rule 6(a) M.R.App.Civ.P. Westmont argues the posting of bond is jurisdictional. Indeed, under § 9733 RCM (1935) posting a bond for costs on appeal was jurisdictional. Pappas v. Braithwaite (1946), 116 Mont. 606, 173 P.2d 116;

Sykes v. Republic Coal Company (1943), 113 Mont. 619, 139 P.2d 543. However that is no longer true under the current rules. The only step necessary to perfect an appeal is filing a notice of appeal within time allowed by Rule 5 M.R.App.Civ.P. "While the filing of a bond for costs may be required, failure to file the bond does not affect the validity of the appeal . . .. [F]ailure to effect timely filing of the bond should not, without more, result in dismissal." 9 Moore's Federal Practice §207.02. In this case there are no other circumstances that mandate dismissal.

Next Westmont contends that the appeal should be dismissed because the judgment against Leighty has been partially satisfied, and a decision on appeal becomes ineffective. However, where, as in this case, the judgment was only partially satisfied by execution, it remains a proper subject for judicial review. Twenty-Seventh Street, Inc. v. Johnson (Mont. 1986), 716 P.2d 210, 211-12, 43 St.Rep. 534, 536; State v. Rafn (1956), 130 Mont. 554, 557, 304 P.2d 918, 919-20.

Leighty contends the District Court erred in granting a deficiency judgment on the Model 21 A # 204 which was voluntarily returned by Leighty and sold at private sale.

Leighty apparently argues that while he voluntarily returned the Model 21 A, after it had been returned Westmont sent a notice of repossession sale and sold the equipment at public sale. Leighty however does not raise sufficiency of the evidence. Instead, he contends the actions of Westmont changed the sale from a consent sale to a repossession sale for which notice is required under Montana Law. Bank of Sheridan v. Divers (Mont. 1985), 702 P.2d 1388, 42 St.Rep. 1107; Wippert v. Blackfeet Tribe of the Blackfeet Indian

Reservation (Mont. 1985), 695 P.2d 461, 42 St.Rep. 200; Farmers State Bank v. Mobile Homes Unlimited (1979), 181 Mont. 342, 593 P.2d 734. Appellant contends the notice of public sale was deficient.

The District Court found that the Model 21 A # 204 was voluntarily returned for a private sale. The facts as set forth by the District Court in its findings of fact are controlling on appeal unless clearly erroneous. Rule 52, M.R.Civ.P. St. John's Hospital v. State Board of Health (1973), 161 Mont. 406, 409, 506 P.2d 1378, 1379.

There is no merit in Leighty's claim that the nature of public sale was defective because, as the District Court held, the machine was returned for and sold at private sale. Accordingly, we affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

- 5 -