No.   94-349

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

SHARON WALTON, f/k/a SHARON BENGALA,

      Petitioner and Respondent,

  and

MICHAEL C. BENGALA,

      Respondent  and  Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Ed P. McLean Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Michael Bengala, Canfield, Ohio (pro se)

      For Respondent:

        Dennis E.  Lind,  Datsopoulos,  MacDonald & Lind,
        Missoula,  Montana

Submitted on Briefs: March 2, 1995

Decided:   March 16, 1995

Filed:

FILED
MAR 16 1995
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Michael C. Bengala (Michael), pro se, appeals from the May 16, 1994 order of the Fourth Judicial District Court, Missoula County, denying his motion for a new trial. We affirm.

The issue on appeal is whether the District Court abused its discretion in denying Michael's motion for new trial.

The underlying proceedings involved a dissolution action initiated by Michael's wife Sharon in March of 1990. A decree of dissolution and judgment was entered by the District Court in June 1991, following a trial before a court-appointed special master. Michael appealed from the court's judgment, but the appeal was subsequently dismissed by this Court because of his failure to prosecute his appeal.

In March 1994, Michael filed his motion for new trial, alleging denial of due process. The presiding district judge, Judge John Henson, subsequently recused himself and District Judge Ed McLean assumed jurisdiction. In May 1994, Judge McLean entered an order denying Michael's motion for new trial and this appeal followed. Subsequently, Michael filed motions to disqualify Judge McLean and, we note by the record, those motions were ruled upon by District Judge Jeffrey H. Langton in January 1995. Proceedings subsequent to Michael's notice of appeal from Judge McLean's order denying his motion for new trial are not at issue here, however, and will not be discussed.

In his March 16, 1994 motion, Michael contends that he is entitled to a new trial because of "rumors" that the judge who

2

presided in the underlying dissolution action, Judge Henson, had a relationship with the law firm of Datsopoulos, MacDonald & Lind, P.C., Sharon's legal counsel in the dissolution action. While it appears that prior to the filing of the dissolution proceedings by Sharon, her legal counsel did represent a member of Judge Henson's family in a civil action and did represent Judge Henson himself in a court proceeding, both of those proceedings were concluded long before the Bengala dissolution action was filed in his court.

In his order denying Michael's motion for new trial, Judge McLean concluded that the motion was without merit for the following reasons:

> (1) Respondent's motion is not timely as approximately three years has transpired since the trial in this matter;
> (2) respondent chose not to be present during the trial;
> (3) respondent failed to prosecute his appeal following the trial;
> (4) a special master independently presided over the trial;
> (5) Judge Henson accepted the special master's recommendations without amendment;
> (6) no judicial conflict existed as there were no contractual relationships between Judge Henson and petitioner's [Sharon's] legal counsel at the time of these proceedings.

The decision to grant or deny a motion for new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. Jim's Excavating Service v. HKM Assoc. (1994), 265 Mont. 494, 512, 878 P.2d 248, 259, quoting Nelson v. Flathead Valley Transit (1992), 251 Mont. 269, 274, 824 P.2d 263, 266

3

Aside from the other grounds for denying Michael's motion for new trial as set forth by Judge McLean in his order, one reason is dispositive. Michael's motion for new trial was not timely filed. Rule 59(b), M.R.Civ.P., requires that "[a] motion for a new trial shall be served not later than 10 days after service of notice of the entry of the judgment." In this case, Judge Henson entered his order, judgment and decree dissolving the parties' marriage and adopting the recommended findings of fact, conclusions of law and final decree of the special master on June 14, 1991. The record reflects that notice of entry of the District Court's judgment and order was filed and served upon Michael by Sharon on June 24, 1991.

Clearly, Michael's motion for new trial served some two years and nine months after service of notice of the entry of the judgment, is untimely under the Rule. In Ring v. Hoselton (1982), 197 Mont. 414, 643 P.2d 1165, we determined that "[b]ecause the motion for new trial was not served within the ten day period required by Rule 59(b), the motion was therefore deemed denied under the provisions of the last paragraph of Rule 59(d)." Ring, 643 P.2d at 1170. In Matter of Estate of Gordon (1981), 192 Mont. 499, 628 P.2d 1117, noting the ten day requirement of Rule 59(b), we emphasized that the filing requirements under the Rule were not to be disregarded but were, instead, to be strictly enforced. Gordon, 628 P.2d at 1119.

Michael did not cite the District Court nor does he cite this Court to any authority that would exempt his motion for new trial from the time requirements of Rule 59(b). Under the circumstances,

4

we hold that the District Court did not manifestly abuse its discretion in denying Michael's motion for new trial as being not timely filed.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

March 16, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Michael Bengala
238 S. Broad St.
Canfield, OH 44406

Dennis E. Lind, Esq.
Datsopoulos, MacDonald & Lind
201 W. Main, Ste. 201
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *S. Gallagher*
Deputy